UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------- x
HOLLY MARIE HUMMEL, on behalf of            )   No. 07-CIV-5473 (VM)
herself and others similarly situated,              )
                                                                       )   ANSWER TO CLASS ACTION
           Plaintiff,                                 )   COMPLAINT
                                                                       )
         -against-                                       )
                                                                       )
ASTRAZENECA PHARMACEUTICALS           )
LP, *et al.*                                                       )
                                                                       )
           Defendants.
------------------------------------------------------- x

Defendant AstraZeneca LP, erroneously sued as AstraZeneca Pharmaceuticals LP (hereinafter, "Defendant"), responds as follows to the Class Action Complaint (hereinafter "Complaint") filed by Plaintiff, Holly Marie Hummel (hereinafter "Plaintiff"):

1. In response to paragraph 1 of the Complaint, Defendant admits that Plaintiff purports to bring an action for violation of New York wage and hour laws by and on behalf of former and current employees of Defendant, including Holly Hummel. Except as expressly admitted, Defendant denies all remaining allegations in paragraph 1. Defendant further responds that all of the allegations in paragraph 1 contain legal conclusions or opinions that Defendant is not required to admit or deny.

2. In response to paragraph 2 of the Complaint, Defendant responds that all of the allegations in paragraph 2 contain legal conclusions or opinions that Defendant is not required to admit or deny.

3. In response to paragraph 3 of the Complaint, Defendant denies that AstraZeneca Pharmaceuticals LP or any domestic affiliate or subsidiary is a proper defendant in this action.

Defendant further responds that the remaining allegations in paragraph 3 contain legal conclusions or opinions that Defendant is not required to admit or deny.

4. In response to paragraph 4 of the Complaint, Defendant responds that all of the allegations in paragraph 4 contain legal conclusions or opinions that Defendant is not required to admit or deny.

5. In response to paragraph 5 of the Complaint, Defendant admits that jurisdiction is proper under 28 U.S.C. § 1332. On information and belief, Defendant admits that Plaintiff Holly Marie Hummel is a citizen and resident of the state of New York. Defendant further responds that AstraZeneca LP is a Delaware limited partnership with its principal place of business in Wilmington, Delaware; and AstraZeneca Pharmaceuticals LP is a Delaware limited partnership with its principal place of business in Wilmington, Delaware. Except as expressly admitted, Defendant denies all remaining allegations in paragraph 5.

6. In response to paragraph 6 of the Complaint, Defendant admits that Plaintiff has claimed that the amount in controversy exceeds $75,000 for Representative Plaintiff and each Class member. Except as expressly admitted, Defendant denies all remaining allegations in paragraph 6. Defendant further responds that the allegations in paragraph 6 contain legal conclusions or opinions that Defendant is not required to admit or deny.

7. In response to paragraph 7 of the Complaint, Defendant admits that Plaintiff has claimed that the amount in controversy exceeds $5,000,000 for Representative Plaintiff and Class members collectively. Except as expressly admitted, Defendant denies all remaining allegations in paragraph 7. Defendant further responds that the allegations in paragraph 7 contain legal conclusions or opinions that Defendant is not required to admit or deny.

8.  In response to paragraph 8 of the Complaint, Defendant admits Plaintiff has claimed that venue is proper in this judicial district.  Defendant further responds that it does not have knowledge or information sufficient to form a belief as to the truth of the allegation that a substantial part of the events and omissions giving rise to the claims occurred in this District and, on that basis, denies the allegation.  Except as expressly admitted, Defendant denies all remaining allegations in paragraph 8.

9.  In response to paragraph 9 of the Complaint, Defendant responds that AstraZeneca LP is a Delaware limited partnership with its principal place of business in Wilmington, Delaware; and AstraZeneca Pharmaceuticals LP is a Delaware limited partnership with its principal place of business in Wilmington, Delaware.  Defendant admits that AstraZeneca LP does business in all fifty states of the United States, including the state of New York.  Defendant also responds that Plaintiff failed to specify what she means by "other United Stated [sic] Territories," and denies that allegation on that basis.  Except as expressly admitted, Defendant denies all remaining allegations in paragraph 9.

10.  In response to paragraph 10 of the Complaint, Defendant admits, on information and belief, that Plaintiff Holly Hummel is a resident of Rockland County, New York.  Defendant also admits that Plaintiff was employed by AstraZeneca LP as a Pharmaceutical Sales Specialist from approximately January 2000 through October 2005.  Defendant denies that Plaintiff worked hours in excess of forty (40) hours per workweek on a regular basis.  Defendant admits that AstraZeneca LP did not pay Plaintiff overtime compensation during the time she was employed as a Pharmaceutical Sales Specialist because she was an exempt employee.  Except as expressly admitted, Defendant denies all remaining allegations in paragraph 10.

LAI-2887622v1

11. In response to paragraph 11 of the Complaint, Defendant admits that AstraZeneca LP employed Plaintiff and other Pharmaceutical Sales Specialists. Defendant also admits that AstraZeneca Pharmaceuticals LP is the general partner of AstraZeneca LP. Except as expressly admitted, Defendant denies all remaining allegations in paragraph 11. Defendant further responds that the allegations in paragraph 11 contain legal conclusions or opinions that Defendant is not required to admit or deny.

12. In response to paragraph 12 of the Complaint, Defendant admits that AstraZeneca LP employs thousands of pharmaceutical sales representatives in the United States, including hundreds in the state of New York. Except as expressly admitted, Defendant denies all remaining allegations in paragraph 12.

13. In response to paragraph 13 of the Complaint, Defendant admits that Plaintiff and other pharmaceutical sales specialists were paid a salary and were eligible for incentive compensation. Except as expressly admitted, Defendant denies all remaining allegations in paragraph 13.

14. In response to paragraph 14 of the Complaint, Defendant admits that AstraZeneca LP does not pay pharmaceutical sales specialists overtime compensation for hours worked in excess of forty hours per week because they are exempt employees. Defendant also admits that AstraZeneca LP does not pay pharmaceutical sales specialists a "spread of hours" premium for days in which they worked more than ten hours because the New York "spread of hours" provision does not apply to pharmaceutical sales specialists under the circumstances. Except as expressly admitted, Defendant denies all remaining allegations in paragraph 14.

15. In response to paragraph 15 of the Complaint, Defendant admits that Plaintiff was employed by AstraZeneca LP.

16. In response to paragraph 16 of the Complaint, Defendant denies each and every allegation in paragraph 16.

17. In response to paragraph 17 of the Complaint, Defendant denies each and every allegation in paragraph 17.

18. In response to paragraph 18 of the Complaint, Defendant denies each and every allegation in paragraph 18.

19. In response to paragraph 19 of the Complaint, Defendant denies each and every allegation in paragraph 19.

20. In response to paragraph 20 of the Complaint, Defendant responds that all of the allegations in paragraph 20 contain legal conclusions or opinions that Defendant is not required to admit or deny.

21. In response to paragraph 21 of the Complaint, Defendant responds that all of the allegations in paragraph 21 contain legal conclusions or opinions that Defendant is not required to admit or deny.

22. In response to paragraph 22 of the Complaint, Defendant admits that there are more than one hundred (100) putative New York Class members.  Except as expressly admitted, Defendant denies all remaining allegations in paragraph 22.  Defendant further responds that the allegations in paragraph 22 contain legal conclusions or opinions that Defendant is not required to admit or deny.

23. In response to paragraph 23 of the Complaint, Defendant admits that AstraZeneca LP did not (and does not) pay overtime compensation to pharmaceutical sales specialists because they are properly classified as exempt employees.  Defendant denies all remaining allegations in

LAI-2887622v1

paragraph 23.  Defendant further responds that the allegations in paragraph 23 contain legal conclusions or opinions that Defendant is not required to admit or deny.

24. In response to paragraph 24 of the Complaint, Defendant denies each and every allegation in paragraph 24.  Defendant further responds that all of the allegations in paragraph 24 contain legal conclusions or opinions that Defendant is not required to admit or deny.

25. In response to paragraph 25 of the Complaint, Defendant denies each and every allegation in paragraph 25.  Defendant further responds that all of the allegations in paragraph 25 contain legal conclusions or opinions that Defendant is not required to admit or deny.

26. In response to paragraph 26 of the Complaint, Defendant denies each and every allegation in paragraph 26.  Defendant further responds that all of the allegations in paragraph 26 contain legal conclusions or opinions that Defendant is not required to admit or deny.

27. In response to paragraph 27 of the Complaint, Defendant denies each and every allegation in paragraph 27.  Defendant further responds that all of the allegations in paragraph 27 contain legal conclusions or opinions that Defendant is not required to admit or deny.

28. In response to paragraph 28 of the Complaint, Defendant re-alleges and incorporates by reference paragraphs 1 through 27.  Defendant also assumes Plaintiff's reference to "Plaintiff Carson" is a mistake, and that Plaintiff means "Hummel" when she refers to "Carson" throughout the Complaint.

29. In response to paragraph 29 of the Complaint, Defendant admits that AstraZeneca LP is an "employer" within the meaning of New York Labor Law § 651.

30. In response to paragraph 30 of the Complaint, Defendant admits that AstraZeneca LP has employed and continues to employ employees, including Plaintiff Hummel and other pharmaceutical sales specialists.

LAI-2887622v1

31. In response to paragraph 31 of the Complaint, Defendant denies each and every allegation in paragraph 31.

32. In response to paragraph 32 of the Complaint, Defendant responds that the allegations in paragraph 32 contain legal conclusions or opinions that Defendant is not required to admit or deny.

33. In response to paragraph 33 of the Complaint, Defendant denies each and every allegation in paragraph 33.

34. In response to paragraph 34 of the Complaint, Defendant admits that AstraZeneca LP did not (and does not) pay pharmaceutical sales specialists overtime compensation because they are properly classified as exempt. Except as expressly admitted, Defendant denies all remaining allegations in paragraph 34.

35. In response to paragraph 35 of the Complaint, Defendant denies each and every allegation in paragraph 35. Defendant further responds that all of the allegations in paragraph 35 contain legal conclusions or opinions that Defendant is not required to admit or deny.

36. In response to paragraph 36 of the Complaint, Defendant responds that all of the allegations in paragraph 36 contain legal conclusions or opinions that Defendant is not required to admit or deny.

37. In response to paragraph 37 of the Complaint, Defendant responds that all of the allegations in paragraph 37 contain legal conclusions or opinions that Defendant is not required to admit or deny.

38. In response to paragraph 38 of the Complaint, Defendant responds that all of the allegations in paragraph 38 contain legal conclusions or opinions that Defendant is not required to admit or deny.

39. In response to paragraph 39 of the Complaint, Defendant re-alleges and incorporates by reference paragraphs 1 through 38.

40. In response to paragraph 40 of the Complaint, Defendant admits that AstraZeneca LP is an "employer" within the meaning of New York Labor Law § 651. Except as expressly admitted, Defendant denies all remaining allegations in paragraph 40.

41. In response to paragraph 41 of the Complaint, Defendant admits that AstraZeneca LP has employed and continues to employ employees, including Plaintiff Hummel and other pharmaceutical sales specialists.

42. In response to paragraph 42 of the Complaint, Defendant denies each and every allegation in paragraph 42.

43. In response to paragraph 43 of the Complaint, Defendant responds that all of the allegations in paragraph 43 contain legal conclusions or opinions that Defendant is not required to admit or deny.

44. In response to paragraph 44 of the Complaint, Defendant denies each and every allegation in paragraph 44.

45. In response to paragraph 45 of the Complaint, Defendant admits that AstraZeneca LP does not pay pharmaceutical sales specialists "spread of hours" compensation for days in which they worked more than ten hours because the New York "spread of hours" regulations do not apply to pharmaceutical sales specialists under the circumstances. Except as expressly admitted, Defendant denies all remaining allegations in paragraph 45.

46. In response to paragraph 46 of the Complaint, Defendant denies each and every allegation in paragraph 46. Defendant further responds that all of the allegations in paragraph 46 contain legal conclusions or opinions that Defendant is not required to admit or deny.

LAI-2887622v1

47. In response to paragraph 47 of the Complaint, Defendant responds that all of the allegations in paragraph 47 contain legal conclusions or opinions that Defendant is not required to admit or deny.

48. In response to paragraph 48 of the Complaint, Defendant responds that all of the allegations in paragraph 48 contain legal conclusions or opinions that Defendant is not required to admit or deny.

49. In response to paragraph 49 of the Complaint, Defendant responds that all of the allegations in paragraph 49 contain legal conclusions or opinions that Defendant is not required to admit or deny.

## PRAYER FOR RELIEF

50. In response to Plaintiff's prayer for relief, Defendant denies that Plaintiff is entitled to the requested relief, or any relief.

51. By way of further response to the Complaint, to the extent that any allegations have not been admitted or denied, they are hereby denied.

## DEFENSES

### First Defense

52. Plaintiff's Complaint (as it relates to Plaintiff and the putative class members), in whole or in part, fails to state claims upon which relief can be granted.

### Second Defense

53. Plaintiff's claims (and the claims of the putative class members) are barred, in whole or in part, by the applicable statutes of limitations.

### Third Defense

54.  Plaintiff's claims (and the claims of the putative class members) are barred, in whole or in part, to the extent that they waived and/or released the claims asserted in the Complaint.

### Fourth Defense

55.  Plaintiff's claims (and the claims of the putative class members) are barred, in whole or in part, by the doctrines of waiver and/or estoppel.

### Fifth Defense

56.  Plaintiff's claims (and the claims of the putative class members) are barred, in whole or in part, by the doctrine of laches.

### Sixth Defense

57.  Defendant acted in good faith and without any willful intent to deprive Plaintiff (and the putative class members) of compensation.

### Seventh Defense

58.  No act or omission of Defendant alleged to have violated applicable New York state law was willful, knowing, or in reckless disregard for the provisions of such laws.

### Eighth Defense

59.  The claims of Plaintiff (and the putative class members) fail as a matter of law because they were/are exempt from the overtime provisions of applicable New York law, in that they were employed in an executive, administrative, and/or professional capacity; and/or in the capacity of outside sales; and/or exempt pursuant to the motor carrier exemption.

### Ninth Defense

60. Plaintiff is not entitled to certification under Federal Rule of Civil Procedure 23 because she cannot satisfy the applicable standards.

### Tenth Defense

61. The claims are barred because Defendant had reasonable grounds for believing that it was in compliance with applicable law and its regulations.

### Eleventh Defense

62. Even if they were found to have worked uncompensated overtime, which Defendant expressly denies, Plaintiff and the putative class members would be entitled to no more than one-half their regular rate of pay in that workweek for any overtime hours worked in that workweek.

### Twelfth Defense

63. The claims of Plaintiff (and the putative class members) are barred as to all hours during which they were engaged in activities that were preliminary to or after their principal activities.

### Thirteenth Defense

64. The claims of Plaintiff (and the putative class members) are barred as to all hours allegedly worked of which Defendant lacked actual or constructive knowledge.

### Fourteenth Defense

65. Plaintiff's claims (and those of putative class members) are barred, in whole or in part, due to their violations of Defendant's policies.

LAI-2887622v1

### Fifteenth Defense

66.     Plaintiff's attempts to pursue this case as a class action fail because an independent and individual analysis of Plaintiff's claims and the claims of each putative class member and each of Defendant's defenses is required.

### Sixteenth Defense

67.     Plaintiff's attempt to pursue this case as a class action violates Defendant's constitutional rights to a jury trial and to due process.

### Seventeenth Defense

68.     Plaintiff's claims are barred, in whole or in part, because the time periods for which she is claiming entitlement to compensation and/or overtime pay fall within a *de minimis* exception to applicable New York state law.

### Eighteenth Defense

69.     Plaintiff's claims (and those of the putative class members) are barred because they are exempt from the New York "spread of hours" compensation provisions.

### Nineteenth Defense

70.     Plaintiff's state law claims may be preempted, in whole or in part, by the FLSA.

### Twentieth Defense

71.     Defendant has not knowingly or intentionally waived any applicable defenses and reserves the right to assert and rely on such other applicable defenses as may later become available or apparent. Defendant further reserves the right to amend its answer and/or defenses accordingly and/or to delete defenses that it determines are not applicable during the course of subsequent discovery. Nothing stated herein constitutes a concession as to whether or not Plaintiff bears the burden of proof on any issue.

LAI-2887622v1

WHEREFORE, Defendant demands judgment in its favor and against Plaintiff, together with costs, fees and any other relief that the Court deems appropriate.

Dated: New York, New York
       August 13, 2007

Jones Day

By: /s/ Shari M. Goldsmith
    Shari M. Goldsmith  (SG 0909)
    JONES DAY
    222 East 41st Street
    New York, NY  10017
    Telephone: (212) 326-3939
    Facsimile: (212) 755-7306

    Matthew M. Lampe (*pro hac vice* pending)
    JONES DAY
    325 John H. McConnell Boulevard
    Suite 600
    Columbus, Ohio  43215
    Telephone:  (614) 469-3939
    Facsimile:  (614) 461-4198

    Harry I. Johnson, III (*pro hac vice* pending)
    JONES DAY
    555 S. Flower Street
    Fiftieth Floor
    Los Angeles, CA  90071
    Telephone: (213) 489-3939
    Facsimile: (213) 243-2539

    Theresia Moser (*pro hac vice* pending)
    JONES DAY
    1420 Peachtree Street, N.E.
    Suite 800
    Atlanta, GA 30309
    Telephone: (404) 521-3939
    Facsimile:  (404) 581-8330

    Attorneys for Defendant
    AstraZeneca LP

## **CERTIFICATE OF SERVICE**

I hereby certify that on August 13, 2007, the foregoing Answer to Class Action Complaint was filed with the Clerk of the Court and served in accordance with the Federal Rules of Civil Procedure, and/or the Southern District's Local Rules, and/or the Southern District's Rules on Electronic Service upon the following parties:

>Charles Joseph
>757 Third Avenue, Suite 2500
>New York, New York 10017
>Tel. (212) 688-5640
>Fax (212) 688-2548
>
>Eric B. Kingsley
>Kingsley & Kingsley
>16133 Venture Blvd., Suite 1200
>Encino, California 91436
>Tex. (818) 990-8300
>Fax (818) 990-2903
>
>Ira Spiro
>Spiro Moss Barness LLP
>11377 W. Olympic Blvd., 5th Floor
>Los Angeles, California 90064
>Tel. (310) 235-2468
>Fax (310) 235-2456

>/s/ Shari M. Goldsmith
>Shari M. Goldsmith (SG-0909)
>Jones Day
>222 East 41st Street
>New York, NY 10017-6702
>smgoldsmith@jonesday.com
>(212) 326-3939

LAI-2887622v1