# JONES DAY

222 EAST 41ST STREET • NEW YORK, NEW YORK 10017-6702
TELEPHONE: 212-326-3939 • FACSIMILE: 212-755-7306

Direct Number: (212) 326-8338

JP007627:smg
678588-600004

April 10, 2008

**VIA FACSIMILE (212-805-6382)**
Honorable Judge Victor Marrero
U.S. District Judge, Southern District of New York
500 Pearl Street, Suite 660
New York, New York 10007

> The parties are directed to address the matters set forth above to Magistrate Judge Theodore Katz, to whom this dispute has been referred for resolution, as well as for supervision of remaining pretrial proceedings, establishing case management schedules as necessary, and settlement.
>
> SO ORDERED.
>
> 4-10-08
> Date
> VICTOR MARRERO, U.S.D.J.

Re: <u>Hummel v. AstraZeneca LP, No. 07 Civ. 5473 (VM)</u>

Dear Judge Marrero:

    I am writing on behalf of Defendant AstraZeneca LP ("AstraZeneca"), pursuant to your Individual Practices No. 2A, to request a pre-motion conference for AstraZeneca's proposed motion to compel Plaintiff Holly Marie Hummel ("Plaintiff") to produce documents and responses to its First Set of Requests for Production of Documents, First Set of Interrogatories, and Second Set of Requests for Production of Documents (collectively "Discovery Requests"). Additionally, AstraZeneca's motion will seek costs and fees, pursuant to Federal Rules of Civil Procedure ("FRCP") 37(a)(5), as well as adjustment of the case schedule to eliminate any prejudice stemming from Plaintiff's repeated and sustained failure to respond to these Discovery Requests.

## Relevant Facts

    Despite being served with AstraZeneca's initial Discovery Requests over five months ago, and receiving three separate additional written requests (and numerous verbal requests) to respond, Plaintiff has completely and blatantly failed to produce <u>anything</u> to AstraZeneca in connection with this putative state-wide class action litigation, which she initiated on or around June 11, 2007.

    Specifically, AstraZeneca initially served its First Set of Requests for Production of Documents and its First Set of Interrogatories to Plaintiff last year, on November 2, 2007. Accordingly, Plaintiff's responses to those Discovery Requests were due by December 5, 2007. As well, Defendant served a Second Set of Requests for Production of Documents to Plaintiff on December 14, 2007, to which a response was due on January 16, 2008.

    On January 15, 2008, having received nothing in response to any of the outstanding Discovery Requests, AstraZeneca provided notice to Plaintiff that her responses were past due, and requested they be provided immediately. Nonetheless, Plaintiff failed to produce any documents or information; rather, almost one month later, on February 11, 2008, Plaintiff's counsel instead requested a second copy of the Discovery Requests. AstraZeneca then provided Plaintiff with another copy of its Discovery Requests, along with a <u>second</u> written request that Plaintiff promptly provide her overdue responses to all outstanding discovery. Yet again, however, Plaintiff did not respond.

    As such, AstraZeneca was forced to send a <u>third</u> written request to Plaintiff, on March 11, 2008, again seeking overdue discovery responses, and indicating that if such responses were not furnished by March 19, it would be compelled to take the matter of Plaintiff's continual and prolonged delinquency to

JONES DAY

Honorable Judge Victor Marrero
April 10, 2008
Page 2

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 4-11-08

this Court's attention. Plaintiff's counsel then pledged that Plaintiff would produce her overdue responses by April 1, 2008, in advance of Plaintiff's deposition, already noticed for April 29, 2008, one day prior to the close of all discovery in this action on April 30, 2008.

Still, to date, Plaintiff has not provided any documents or written responses to AstraZeneca's Discovery Requests, and her failure in this regard continues to prejudice the Company's ability to prepare and litigate this case. Accordingly, AstraZeneca now has no choice but to seek this Court's prompt intervention.

### Argument

Pursuant to the FRCP 26(b)(1), AstraZeneca is entitled to discovery "regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action," or "appears reasonably calculated to lead to the discovery of admissible evidence."

Here, AstraZeneca is seeking to compel basic, core discovery, clearly relevant to an employer's defense of alleged violations of wage and hour laws, i.e., information regarding Plaintiff's job duties, hours worked and employment. Indeed, while Plaintiff refuses to produce this information, she has neglected to provide any justification for her failure to do so, nor has she proffered any objections to AstraZeneca's Discovery Requests.[1]

Under the FRCP, Plaintiff was required to respond to AstraZeneca's Discovery Requests within 30 days of being served. See Fed. R. Civ. P. 34 ("[t]he party upon whom the request is served *shall* serve a written response within 30 days after the service of the request") (emphasis added). And, FRCP 26(b)(1) gives the Court broad authority to order discovery of any relevant matter. As such, this Court is clearly empowered to move this litigation forward by compelling discovery of the relevant information and documents needed by AstraZeneca to depose Plaintiff and defend against this action. See Fed. R. Civ. P. 37(a).

For these reasons, after more than 150 days and numerous written and verbal requests to no avail, AstraZeneca now requests this Court schedule a pre-motion conference so that AstraZeneca can obtain immediate and complete discovery responses from Plaintiff, pursuant to FRCP 37, and all other necessary relief.

Very truly yours,

Matthew W. Lampe

Matthew W. Lampe

cc: Charles Joseph, Esq.
Michael Palmer, Esq.
James A. Jones, Esq.

---

[1] At this juncture, Plaintiff has certainly waived any right to assert such objections. See FRCP 33(b)(4); *Eldaghar v. City of N.Y. Dept. of Citywide Admin. Servs.*, 2003 WL 22455224 (S.D.N.Y Oct. 28, 2003) (finding objections waived when served ten days past the deadline with no explanation).