UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------ x
HOLLY MARIE HUMMEL, on behalf of )
herself and others similarly situated, )
)
        Plaintiff, )
)
     -against- )
)
ASTRAZENECA LP, )
)
        Defendant. )
)
)
------------------------------------------------



USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 5/28/08

No. 07-CV-5473 (VM)

**STIPULATED PROTECTIVE ORDER**

    Plaintiff Holly Hummel on behalf of herself and any other individually named plaintiffs ("Plaintiff") and Defendant AstraZeneca LP ("Defendant") (collectively "Parties," individually "Party") stipulate to the entry of an agreed protective order, for the reasons set forth below:

    1.    The Parties represent that certain discovery materials to be exchanged and disclosed in this case, including documents, interrogatory answers, deposition testimony and other discovery will contain confidential non-public information of a personal, financial, and/or commercial nature and/or may constitute a trade secret or proprietary information. The Parties intend this Protective Order to provide reasonable and appropriate protection for such confidential information and materials without impeding the Parties' inquiry into, and litigation of, the claims and defenses in this action.

    2.    The Parties also understand that pursuant to New York law third parties may have a privacy interest or right in personal information, and that certain such information is at issue in the lawsuit. Accordingly, the Parties and the Court enter into this Protective Order mandating that any private information of putative class members and other current and former employees of Defendant that is disclosed to Plaintiffs and/or filed with the Court shall be covered by this Protective Order. The Parties shall take all reasonable steps to maintain such information as private in accordance with the terms of this Protective Order.

NYI-4091376v1

3. Upon entry of an Order by this Court, this Stipulation of the Parties shall become the Protective Order that shall govern the production and disclosure of all information designated as "CONFIDENTIAL" or "ATTORNEY'S EYES ONLY" pursuant to paragraph 7 through the discovery and all pretrial processes. This Protective Order is not intended to govern at trial or appeal. The Parties will cooperate in establishing procedures acceptable to the Court with respect to the protection of information designated as "CONFIDENTIAL" or "ATTORNEY'S EYES ONLY" pursuant to this Protective Order both at trial and upon any appeal of this case.

4. For purposes of this Protective Order, "Discovery Materials" shall include documents produced pursuant to the voluntary disclosure requirements of Rule 26 of the Federal Rules of Civil Procedure, documents produced pursuant to Rule 34 of the Federal Rules of Civil Procedure, interrogatory answers, deposition testimony and documents referenced therein, and all other information that may be disclosed in the course of discovery and/or attached to motion papers filed with this Court in this action, as well as compilations or excerpts of such materials.

5. This Protective Order shall not abrogate or diminish any privilege or any contractual, statutory or other legal obligation or right of either Party with respect to Discovery Materials. This Protective Order shall not abrogate or diminish Defendant's right to object, refrain from producing, and/or moving for a protective order in regard to trade secret, private, confidential, or other protected information.

6. All information produced or discovered in this litigation shall be used solely for the prosecution or defense of this litigation, and shall not be used for business, competitive, personal, private, or public purposes, or any other purposes whatsoever. Each Party shall keep confidential and not use or disseminate outside the boundaries of this litigation any records that any other Party designates as "CONFIDENTIAL" or "ATTORNEY'S EYES ONLY" except as provided in paragraphs 8, 9 & 10 below.

7. Any party may designate any Discovery Materials it deems to be confidential, including Discovery Materials that refer or relate to individual employment records and files, by designating such Discovery Materials as "CONFIDENTIAL" or "ATTORNEY'S EYES

ONLY." To the extent that matter stored or recorded in the form of electronic or magnetic media (including information, databases or programs stored on computers, discs, networks, or tapes) is produced or disclosed in such form, the producing source may designate such material by placing a label with terms "CONFIDENTIAL" or "ATTORNEY'S EYES ONLY" on the disk or tape containing the material. In the event that a producing Party inadvertently fails to designate any Discovery Materials it deems to be confidential at the time of production or disclosure, it may later so designate by notifying the other Party in writing. Similarly, if a Party initially designates information as "CONFIDENTIAL", it may in good faith re-designate such materials as "ATTORNEY'S EYES ONLY" by notifying the other Party in writing. After any belated designation of information as "CONFIDENTIAL" or "ATTORNEY'S EYES ONLY" pursuant to this paragraph, the receiving Party shall take reasonable steps to see that the information is thereafter treated in accordance with the designation. No person or Party shall incur any liability hereunder with respect to the disclosure of "CONFIDENTIAL" or "ATTORNEY'S EYES ONLY" information that occurred prior to receipt of written notice of a belated designation.

8.  Except as provided in paragraphs 9 and 10, access to Discovery Materials designated "CONFIDENTIAL" or "ATTORNEY'S EYES ONLY" shall be restricted in accordance with the following provisions:

(a) Discovery Materials, and any information extracted from them, which have been designated "CONFIDENTIAL" or "ATTORNEY'S EYES ONLY" shall be used solely for the purposes of prosecuting or defending this action, and for no other purposes.

(b) "CONFIDENTIAL" Discovery Materials shall not be disclosed or distributed, or otherwise made available for any purpose, to any individually named Party or their respective representatives in interest except as expressly provided in this Protective Order. Counsel for each Party shall restrict access to "CONFIDENTIAL" Discovery Materials produced by any other Party by limiting the dissemination of such material to: (1) attorneys who are members or associates of the law firms listed on the

pleadings in this action, and who have appeared or filed a motion or application to appear *pro hac vice* ("Counsel of Record"), and to supporting personnel employed by Counsel of Record, such as other attorneys at the firm, paralegals, legal secretaries, data entry clerks, legal clerks and/or private data entry, document management and photocopying services; (2) named individual parties, including employees of Defendant assisting in the defense of the action; (3) potential witnesses, only to the extent relevant to anticipated testimony; (4) consultants, in accordance with the terms specified below in paragraph 8(e).

(c) "ATTORNEY'S EYES ONLY" Discovery Materials shall be made available only to, and inspected by the following persons — provided that such individuals are informed of the terms of this Protective Order: Counsel of Record and supporting personnel employed by such counsel, such as other attorneys at the firm, paralegals, legal secretaries, data entry clerks, legal clerks, and private data entry, document management, and photocopying services. Consultants may view such documents only in accordance with the terms specified below in paragraph 8(e).

(d) No copies, extracts or summaries of any document designated "CONFIDENTIAL" or "ATTORNEY'S EYES ONLY" shall be made except by or on behalf of Counsel of Record; and such copies, extracts or summaries shall also be designated and treated as "CONFIDENTIAL" or "ATTORNEY'S EYES ONLY" Discovery Materials and shall not be delivered or exhibited to any persons except as provided in this Protective Order.

(e) Counsel of Record may allow access to Discovery Material designated "CONFIDENTIAL" or "ATTORNEY'S EYES ONLY" to their retained consultants, provided that any such consultant who is to receive such material shall be provided with a copy of this Protective Order and shall execute an undertaking in the form annexed hereto as Exhibit A. Consultants shall be specifically advised that the portion of their written work product, which contains or discloses the substance of Discovery Material designated as "CONFIDENTIAL" or "ATTORNEY'S EYES ONLY" is subject to all the

NY1-4091376v1

4

provisions of this Protective Order. Counsel of Record disclosing such material to consultants shall be responsible for obtaining the executed undertakings in advance of such disclosure and also shall retain the original executed copy of said undertakings. No "CONFIDENTIAL" or "ATTORNEY'S EYES ONLY" Discovery Material may be disclosed to a Consultant prior to execution of the form attached as Exhibit A.

(f) In the event that any "CONFIDENTIAL" or "ATTORNEY'S EYES ONLY" Discovery Materials are attached to, or quoted or summarized in, any pleadings, motion papers or other papers filed with this Court or any other court and said "CONFIDENTIAL" or "ATTORNEY'S EYES ONLY" Discovery Materials would be disclosed in any way therein, such Discovery Materials, and portions of pleadings or papers that contain the "CONFIDENTIAL" or "ATTORNEY'S EYES ONLY" discovery materials shall be filed under seal. Copies of such documents containing information subject to this Protective Order that are served on counsel for the Parties (or delivered to the Court's chambers as "courtesy copy") shall be similarly identified and shall be maintained as "CONFIDENTIAL" or "ATTORNEY'S EYES ONLY," as described herein.

9. Should one or more Counsel of Record wish to disclose any "CONFIDENTIAL" or "ATTORNEY'S EYES ONLY" Discovery Materials produced or disclosed by another Party to a person not authorized by this Protective Order to review such "CONFIDENTIAL" or "ATTORNEY'S EYES ONLY" Discovery Materials, said counsel shall first provide Counsel of Record for the producing Party with a clear, complete and concise statement of the reason for the proposed disclosure by written notice at least ten (10) business days prior to the proposed disclosure. The requesting Counsel of Record may include the name, address and business or professional affiliation and title (e.g., officer, director, etc.) of such person in the written notice. If Counsel of Record for the producing Party objects in writing to the disclosure within said ten (10) business day period, then the Party requesting consent shall not proceed with the proposed disclosure, the Parties shall engage in good faith efforts to resolve the matter informally and, if

those efforts should fail, the Party designating the material as "CONFIDENTIAL" or "ATTORNEY'S EYES ONLY" may seek relief from the Court after providing written notice to the other Party, consistent with paragraph 10 below. Until the Court resolves the dispute, the disputed information shall be treated as "CONFIDENTIAL" or "ATTORNEY'S EYES ONLY."

10. If any dispute arises concerning whether information designated as "CONFIDENTIAL" or "ATTORNEY'S EYES ONLY" should in fact be considered Confidential Information for purposes of this Protective Order, the Party who objects to the designation of the information as "CONFIDENTIAL" or "ATTORNEY'S EYES ONLY" shall give written notice of the objection. The Parties shall then attempt to resolve the dispute informally and in good faith. If the Parties do not resolve the dispute informally, the objecting Party may submit such dispute to the Court after providing written notice to the producing Party that the Parties are unable to resolve the issue. Until the Court resolves the dispute, the disputed information shall be treated as "CONFIDENTIAL."

11. The disclosure of any Discovery Materials pursuant to the terms of this Protective Order is not intended to be and shall not be construed as a waiver of any right or a relinquishment of any confidentiality claim as to said Discovery Materials or as a waiver of any claim that the information disclosed is a trade secret or is proprietary.

12. Upon final resolution of this litigation, including any appellate proceedings or expiration of the time allowed therefor, and within 60 days thereof:

(a) Unless otherwise agreed, counsel for each Party shall return or destroy all Discovery Materials marked "CONFIDENTIAL" or "ATTORNEY'S EYES ONLY" received hereunder, including all copies thereof, to counsel for the Party that produced said materials. Counsel for each Party shall also destroy all extracts or summaries of "CONFIDENTIAL" or "ATTORNEY'S EYES ONLY" Discovery Materials or documents containing such material. Certification of such destruction, under penalty of perjury, is to be made in writing to counsel for the Party who produced such

"CONFIDENTIAL" or "ATTORNEY'S EYES ONLY" Discovery Materials within ten (10) business days of destruction; and

(b)     The Clerk of the Court shall, upon request of a Party that produced any "CONFIDENTIAL" or "ATTORNEY'S EYES ONLY" Discovery Materials, return to such Party all documents and things containing or referring to such Discovery Materials that were filed under seal pursuant to this Protective Order. As to those documents or things containing such information which cannot be so returned, they shall continue to be kept under seal and shall not be examined by any person without a prior Court order, after due notice to Counsel of Record, or the written stipulation of each of Counsel of Record.

13.     Nothing contained in this Protective Order or information produced hereunder shall result in a waiver of rights, nor shall any of this Protective Order's terms preclude a Party from seeking and obtaining, upon an appropriate showing, additional protection with respect to personal, financial, commercial, confidential, trade secret or other proprietary documents, information or any other discovery material or trade secrets, including, but not limited to, restrictions on disclosure. Nothing contained herein relieves any Party of its obligation to respond to discovery properly initiated pursuant to the Discovery Order. Nothing contained herein requires any Party to produce any particular type of information.

14.     The Court may modify this Protective Order at any time or consider any dispute which may arise hereunder upon motion of any of the Parties.

15.     Nothing in this Protective Order affects in any way, the admissibility of any documents, testimony or other evidence at trial.

16.     This Protective Order shall remain in effect for the duration of the action unless terminated by stipulation executed by the Counsel of Record or pursuant to Court Order. Insofar as they restrict the communication, treatment and use of information subject to this Protective Order, the provisions of this Protective Order shall continue to be binding after the termination of this action, unless the Court orders otherwise.

Dated: May 28, 2008                    JONES DAY

                                       By: s/ Matthew W. Lampe
                                           Matthew W. Lampe (*pro hac vice*)
                                           Shari M. Goldsmith
                                           JONES DAY
                                           222 East 41st Street
                                           New York, New York 10017
                                           Telephone: (212) 326-3939
                                           Facsimile: (212) 755-7306

                                           *Counsel for Defendant*
                                           *ASTRAZENECA LP*

Dated: May 28, 2008                    JOSEPH & HERZFELD

                                       By: s/ Charles Joseph
                                           Charles Joseph
                                           Michael DiChiara
                                           757 Third Avenue, Suite 2500
                                           New York, New York 10017
                                           Tel: 212-688-5640
                                           Fax: 212-688-2548

                                       GILLESPIE, ROZEN, WATSKY & JONES, P.C.
                                           James A. Jones
                                           3402 Oak Grove Avenue
                                           Suite 200
                                           Dallas, TX 75204
                                           Tel: 214-720-2009
                                           Fax: 214-720-2291

                                           *Counsel for Plaintiff*
                                           *HOLLY MARIE HUMMEL*

PURSUANT TO STIPULATION, IT IS SO ORDERED.

DATED: May 28, 2008          _____
                                       Theodore H. Katz
                                       United States Magistrate Judge

# EXHIBIT A

## AGREEMENT TO BE BOUND BY THE STIPULATED PROTECTIVE ORDER REGARDING INFORMATION DESIGNATED AS "CONFIDENTIAL" OR "ATTORNEY'S EYES ONLY."

The undersigned hereby acknowledges that he or she has read the Stipulated Protected Order entered into on behalf of the parties to <u>Holly Hummel v. AstraZeneca LP</u>, United States District Court, Southern District of New York, Case No. 07-CV-5473 (VM); that he or she understands the provisions prohibiting the disclosure of confidential information for any purpose or in any manner not connected with the prosecution or defense of this action; and that he or she agrees to be bound by all provisions of that order.

333Dated: _____

_____
Name

_____
Address

_____

_____