## **TABLE 1**

### **Hummel "Spread of Hours" Analysis**

| Alleged Hours Worked Per Day | Alleged Hours Worked Per Week | Alleged Straight Time Hours Worked Per Week | Alleged Overtime Hours Worked Per Week | Actual Gross Amount Paid Per Week | Minimum Wage Hourly Rate | Plaintiff's Real Hourly Rate |
|---|---|---|---|---|---|---|
| 12 | 60 | 40 | 20 | $964.58 | $6.00 | $13.78 |

Calculation

X = Plaintiff's Real Hourly Rate

40X + 20(1.5X) = Gross Amount Paid Per Week

40X + 30X = Gross Amount Paid Per Week

70X = Gross Amount Paid Per Week

X = (Gross Amount Paid Per Week) / 70   [i.e. 964.58 / 70]

**X = $13.78**

See Espinosa v. The Delgado Travel Agency, Inc., 2007 U.S. Dist. LEXIS 15149 at *9-10 (S.D.N.Y. Mar. 2, 2007) (explaining test for calculating real hourly rate)

Assumptions

- Actual gross amount paid per week is based on Hummel's lowest annual salary rate during relevant time period (i.e. $50,158) when in fact her salary continued to increase during the applicable time period, to a maximum annual salary of $68,000. See Appx, Tab 11, Declaration of Debra Ventura, ¶ 5.

- Hours worked per day figure of 12 is based on highest number of hours worked per day, per Hummel's testimony. In fact, Hummel testified that her daily hours ranged between 8 and 12. See Appx., Tab 1, Hummel Tr., 245:13-18, 247:5-7, 226:5-228:23.

- Non-exempt status assumed for purposes of these calculations only

- Actual Gross Amount Paid Per Week = $50,158 divided by 52 weeks

- Highest applicable minimum wage rate of $6.00 used (instead of $5.15 minimum hourly rate, which applied during the majority of the relevant time period (i.e. November 7, 2001 through December 31, 2004).  See N.Y. Comp. Codes R. & Regs. tit. 12, §142-2.1.

LAI-2950034v2