UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

HOLLY MARIE HUMMEL, on behalf of
herself and others similarly situated,

    Plaintiff,

-against-

ASTRAZENECA LP,

    Defendant.

No.: 07-CV-5473(VM)

**DEFENDANT ASTRAZENECA LP'S OBJECTIONS TO**
**THE DECLARATION OF HOLLY HUMMEL**

Defendant AstraZeneca LP ("AstraZeneca"), pursuant to Federal Rule of Civil Procedure 56 and this Court's Individual Rules and Procedures,[1] hereby objects to the following evidence presented in the declaration of Plaintiff Holly Marie Hummel ("Plaintiff" or "Hummel"), submitted in opposition to AstraZeneca's Motion for Summary Judgment, and respectfully requests that the Court rule on AstraZeneca's written objections in its consideration of the instant Motion, and order the following testimony be stricken:[2]

---

[1] Specifically, this Court's Individual Rules and Practices, Rule II.C., provides, in pertinent part, "Affidavits accompanying any motion should contain concise statements attested to by the affiant on the basis of personal involvement or knowledge of pertinent facts. Affidavits shall not be used as a vehicle for counsel to assert matters not within their personal knowledge or for supplemental argumentation of legal issues that would serve to evade the page limitation set forth in the Court's Individual Practices. Such submissions will not be considered and shall be returned."

[2] By asserting these specific objections to Hummel's Declaration, AstraZeneca in no way intends to waive its position, set forth in its Reply to Plaintiff's Response to Defendant's Statement of Undisputed Material Facts and its Response to Plaintiff's Statement of Disputed Material Facts, filed concurrently herewith, that Hummel's Declaration is insufficient to create a triable question of fact to the extent it contains hearsay, and irrelevant and unsupported factual assertions that contradict her prior record testimony and contemporaneous writings.

1. <u>Statement</u>: "[A]ll PSSs have the same primary job function." [Hummel Decl., ¶ 3.]

<u>Objection</u>: Lacks Foundation & Personal Knowledge [FRE 602]; Improper Opinion Testimony [FRE 701]; Inadmissible Hearsay [FRE 802]; Irrelevant [FRE 402]; Speculative; Vague; Conclusory; Prejudicial [FRE 403]. Hummel is not qualified to testify as to the matter asserted. She fails to state what she bases her opinion on and she has presented no facts to suggest that she has personal knowledge of the actual job duties of other PSSs. The fact that Hummel worked as a PSS in the New York City, Westchester County and Long Island areas is insufficient to establish a foundation that she either had personal knowledge of, or is otherwise qualified to testify as to, the job duties of other PSSs throughout New York — especially those PSSs who are more senior to her, work in different regions, work in different therapeutic areas, or sell different products. To the extent that she relies on statements by other PSSs in making this assertion, this is inadmissible hearsay. Moreover, Hummel's hearsay regarding the job duties of other PSSs is irrelevant to AstraZeneca's motion which is directed at Hummel individually. Furthermore, the testimony should be excluded because its probative value is substantially outweighed by the danger of unfair prejudice to AstraZeneca since it not only lacks foundation and is irrelevant, but is also a vague, conclusory, and improper opinion by a lay witness.

2. <u>Statement</u>: "It was generally understood that a PSS would have to work over forty hours per week to perform all required job duties and tasks." [Hummel Decl., ¶ 5.]

<u>Objection</u>: Lacks Foundation & Personal Knowledge [FRE 602]; Improper Opinion Testimony [FRE 701]; Inadmissible Hearsay [FRE 802]; Irrelevant [FRE 402]; Speculative; Vague; Conclusory; Prejudicial [FRE 403]. Hummel is not qualified to testify as to

whether PSSs other than herself "understood" that they "would have to work over forty hours per week to perform all required job duties and tasks." She fails to state what she bases her opinion on and she has presented no facts to suggest that she has personal knowledge of the actual job duties of other PSSs and whether they understood that they would have to work over 40 hours per week. The fact that Hummel worked as a PSS in the New York City, Westchester County and Long Island areas is insufficient to establish a foundation that she either had personal knowledge of, or is otherwise qualified to testify as to, the job duties, tasks, hours worked, and the mental state of other PSSs throughout New York — especially those PSSs who are more senior to her, work in different regions, work in different therapeutic areas, or sell different products. To the extent that she relies on statements by other PSSs in making this assertion, this is inadmissible hearsay. Moreover, Hummel's hearsay regarding hours worked and job duties performed by other PSSs is irrelevant to AstraZeneca's motion which is directed at Hummel individually. Furthermore, the testimony should be excluded because its probative value is substantially outweighed by the danger of unfair prejudice to AstraZeneca since it not only lacks foundation and is irrelevant, but is also a vague, conclusory, and improper opinion by a lay witness.

       3.     <u>Statement</u>: "I also received a bonus based upon an estimate of the number of prescriptions written by doctors in my territory. The bonus was only a small percentage of my annual wages." [Hummel Decl., ¶ 6.]

          <u>Objection</u>: Best Evidence Rule [FRE 1002]; Improper Opinion Testimony [FRE 701]; Speculative; Vague; Conclusory. The testimony purports to describe the contents of writings, namely documents describing AstraZeneca's bonus plan (also known as the Field Sales

Incentive Plan), the terms of which speak for themselves; and the testimony mischaracterizes the contents of the documents.

4.      <u>Statement</u>:  "Based upon my observations and interactions with other PSSs, I believe this was the same for all PSSs."  [Hummel Decl., ¶¶ 6, 9-10, 12, 26-29, 31-32, 37.]

<u>Objection</u>: Inadmissible Hearsay [FRE 802]; Lacks Foundation & Personal Knowledge [FRE 602]; Improper Opinion Testimony [FRE 701]; Irrelevant [FRE 402]; Speculative; Vague; Conclusory; Prejudicial [FRE 403].  Hummel's alleged personal knowledge of the matters asserted herein stems from inadmissible hearsay, and to the extent that Hummel is attempting to testify that she actually observed all or a significant number of PSSs performing their jobs, there is no adequate foundation for such sweeping testimony.  <u>See</u> also, SUF ¶ 33. She also fails to explain what she bases her opinions on, only vaguely referring to what she "believes," and she has presented no facts to suggest that she has personal knowledge of the bonuses, job duties, and activities of other PSSs, or the training and information received by them.  <u>See</u> <u>Papworth v. Landrover North America, Inc</u>., 1 A.D. 3d 898, 899, 767 N.Y.S. 2d 194, 195 (4th Dep't 2003) (in context of summary judgment, assertions in affidavits made only upon information and belief, without sufficient facts regarding the source of the information or grounds for the belief, are insufficient to establish material facts).  The fact that Hummel worked as a PSS in the New York City, Westchester County and Long Island areas is insufficient to establish a foundation that she either had personal knowledge of, or is otherwise qualified to testify as to these matters for PSSs other than herself throughout New York — especially those PSSs who are more senior to her, work in different regions, work in different therapeutic areas, or sell different products.  This testimony should be excluded because it is not fact – it is nothing more than conclusory hearsay.  Moreover, Hummel's hearsay regarding the bonuses, job duties,

activities, and training of other PSSs is irrelevant to AstraZeneca's motion which is directed at Hummel individually. Furthermore, the testimony should be excluded because its probative value is substantially outweighed by the danger of unfair prejudice to AstraZeneca since it is based on inadmissible hearsay (without identifying the speakers of the hearsay statement), lacks foundation and personal knowledge, is irrelevant, and is a vague, conclusory, and improper opinion by a lay witness.

5.   <u>Statement</u>: "As a result of [] meetings and my conversations and observations of other PSSs, I know that all PSSs had similar job duties." [Hummel Decl. ¶ 8.]

<u>Objection</u>: Inadmissible Hearsay [FRE 802]; Lacks Foundation & Personal Knowledge [FRE 602]; Improper Opinion Testimony [FRE 701]; Irrelevant [FRE 402]; Speculative; Vague; Conclusory; Prejudicial [FRE 403]. Hummel's alleged personal knowledge of the job duties of other PSSs stems from inadmissible hearsay, and to the extent that Hummel is attempting to testify that she actually observed all or a significant number of PSSs performing their jobs, there is no adequate foundation for such sweeping testimony. <u>See</u> <u>also</u>, SUF ¶ 33. The fact that Hummel worked as a PSS in the New York City, Westchester County and Long Island areas, or attended national and regional meetings for PSSs and spoke with other PSS in New York or elsewhere, is insufficient to establish a foundation that she either had personal knowledge of, or is otherwise qualified to testify as to, the job duties of other PSSs throughout New York or the nation — especially those PSSs who are more senior to her, work in different regions, work in different therapeutic areas, or sell different products. Moreover, Hummel's hearsay regarding the job duties of other PSSs is irrelevant to AstraZeneca's motion which is directed at Hummel individually. Furthermore, the testimony should be excluded because its probative value is substantially outweighed by the danger of unfair prejudice to AstraZeneca


since it is based on inadmissible hearsay (without identifying the speaker of the hearsay statement), lacks foundation and personal knowledge, is irrelevant, and is a vague, conclusory, and improper opinion by a lay witness.

6.   <u>Statement</u>:  "As a PSS, my primary job duty (and the duties of all PSSs that I have observed and communicated with) was to visit physicians in my territory, give the physicians pre-approved messages about AZ products….I acted as a one-to-one advertisement for AZ…." [Hummel Decl., ¶ 9.]

<u>Objection</u>:  Best Evidence Rule [FRE 1002]; Inadmissible Hearsay [FRE 802]; Lacks Foundation & Personal Knowledge [FRE 602]; Improper Opinion Testimony [FRE 701]; Irrelevant [FRE 402]; Speculative; Vague; Conclusory; Prejudicial [FRE 403].  The testimony purports to describe the contents of writings, namely documents describing the job duties of a PSS, the terms of which speak for themselves; and the testimony mischaracterizes the contents of the documents.  To the extent Hummel's testimony relates to the job duties of PSSs other than herself, she either does not have personal knowledge of the assertions or they are based on inadmissible hearsay, and to the extent that Hummel is attempting to testify that she actually observed all or a significant number of PSSs performing their jobs, there is no adequate foundation for such sweeping testimony.  <u>See</u> <u>also</u>, SUF ¶ 33.  The fact that Hummel worked as a PSS in the New York City, Westchester County and Long Island areas is insufficient to establish a foundation that she either had personal knowledge of, or is otherwise qualified to testify as to, the job duties of other PSSs throughout New York — especially those PSSs who are more senior to her, work in different regions, work in different therapeutic areas, or sell different products.  Moreover, Hummel's hearsay regarding the job duties of other PSSs is irrelevant to AstraZeneca's motion which is directed at Hummel individually.  Furthermore, the testimony

should be excluded because its probative value is substantially outweighed by the danger of unfair prejudice to AstraZeneca since it is mischaracterizing documents describing the job duties of a PSS, is based on inadmissible hearsay (without identifying the speaker of the hearsay statement), lacks foundation and personal knowledge, is irrelevant, and is a vague, conclusory, and improper opinion by a lay witness.

7.      Statement:  "All aspects of my visits (or 'calls') with doctors were strictly controlled by AZ."  [Hummel Decl., ¶ 10.]

Objection:  Speculative; Vague; Conclusory; Prejudicial; Improper Legal Conclusion [FRE 403].  This testimony should be excluded because it is not fact – it is nothing more than a vague and conclusory statement, and an improper legal conclusion.  See McPherson v. New York City Dep't. of Educ., 457 F.3d 211, 215 n.4 (2nd Cir. 2006) (holding that a party "may not rely simply on conclusory statements" to defeat summary judgment).  Moreover, this testimony flatly contradicts Hummel's own prior deposition testimony that she was almost wholly free of direct supervision.  See SUF ¶¶ 19, 33, 57-58.  This testimony should be excluded because its probative value is substantially outweighed by the danger of unfair prejudice to AstraZeneca since it not only lacks foundation and is a vague, conclusory and improper legal conclusion, but also because it impermissibly contradicts the affiant's own prior sworn testimony.  See Santos v. Murdock, 243 F.3d 681, 684 (2d Cir. 2001) (holding that affidavit contradicting prior deposition testimony could not be used to oppose a motion for summary judgment); Golden v. Merrill Lynch & Co., Inc., 2007 WL 4299443, at *9 (S.D.N.Y. Dec. 6, 2007) ("Courts in this Circuit have rejected such attempts to rely on declarations that contradict the witness's prior deposition testimony and have granted summary judgment even where the purported new evidence would otherwise create a triable issue of fact.") (collecting cases).

8.   Statement: "Other PSSs would visit the same physicians and present the same information as me." [Hummel Decl., ¶ 14.]

Objection: Lacks Foundation & Personal Knowledge [FRE 602]; Improper Opinion Testimony [FRE 701]; Inadmissible Hearsay [FRE 802]; Irrelevant [FRE 402]; Speculative; Vague; Conclusory; Prejudicial [FRE 403]. Hummel is not qualified to testify as to whether other PSSs visited the same doctors and presented the same information. She fails to state what she bases her opinion on and she has presented no facts to suggest that she has personal knowledge of the type of doctors other PSSs visit and what information they may present. PSSs each sell different AstraZeneca products and work in numerous regions throughout New York and the rest of the nation. It is simply inconceivable that a PSS in a different region and selling a different drug than Hummel would visit the same doctor and present the same information as Hummel. To the extent that she relies on statements by other PSSs in making this assertion, this is inadmissible hearsay, and to the extent that Hummel is attempting to testify that she actually observed all or a significant number of PSSs performing their jobs, there is no adequate foundation for such sweeping testimony. See also, SUF ¶ 33. Moreover, Hummel's hearsay regarding the type of doctors other PSSs visit and what information they may present is irrelevant to AstraZeneca's motion which is directed at Hummel individually. Furthermore, the testimony should be excluded because its probative value is substantially outweighed by the danger of unfair prejudice to AstraZeneca since it not only lacks foundation and is irrelevant, but is also a vague, conclusory, and improper opinion by a lay witness.

9.   Statement: "PSSs – including myself – were required to visit eight to ten physicians per day." [Hummel Decl., ¶ 15.]

Objection: Lacks Foundation & Personal Knowledge [FRE 602]; Improper Opinion Testimony [FRE 701]; Inadmissible Hearsay [FRE 802]; Irrelevant [FRE 402]; Speculative; Vague; Conclusory; Prejudicial [FRE 403]. Hummel is not qualified to testify as to the number of physicians visited daily by PSSs. She fails to state what she bases her opinion on and she has presented no facts to suggest that she has personal knowledge of the number of physicians other PPSs visit per day. The fact that Hummel worked as a PSS in the New York City, Westchester County and Long Island areas is insufficient to establish a foundation that she either had personal knowledge of, or is otherwise qualified to testify as to, the number of doctors visited daily by other PSSs throughout New York — especially those PSSs who are more senior to her, work in different regions, work in different therapeutic areas, or sell different products. To the extent that she relies on statements by other PSSs in making this assertion, this is inadmissible hearsay, and to the extent that Hummel is attempting to testify that she actually observed all or a significant number of PSSs performing their jobs, there is no adequate foundation for such sweeping testimony. See also, SUF ¶ 33. Moreover, Hummel's hearsay regarding the number of physicians visited daily by other PSSs is irrelevant to AstraZeneca's motion which is directed at Hummel individually. Furthermore, the testimony should be excluded because its probative value is substantially outweighed by the danger of unfair prejudice to AstraZeneca since it not only lacks foundation and is irrelevant, but is also a vague, conclusory, and improper opinion by a lay witness.

10. Statement: "I never considered myself a salesperson. Physicians did not purchase anything from me, and I did not sell anything for AZ." [Hummel Decl., ¶ 16.]

Objection: Speculative; Vague; Conclusory; Improper Legal Conclusion; Prejudicial [FRE 403]. This testimony should be excluded because it is not fact – it is nothing

more than vague and conclusory statements, and an ultimate legal conclusion. See McPherson, 457 F.3d at 215 n.4 (holding that a party "may not rely simply on conclusory statements" to defeat summary judgment). Moreover, this testimony flatly contradicts Hummel's own prior deposition testimony that she admitted she sold AstraZeneca pharmaceuticals. See Plaintiff's Response to SUF, ¶¶ 20, 22-23, 25, 27-29, 33; see also, SUF ¶¶ 26 (she "sold Seroquel"); 27 (she engaged in "pharmaceutical sales"); 28 (she "sold cardiovascular pharmaceuticals"); 29 (her job was "selling Nexium and Seroquel"). This testimony should be excluded because its probative value is substantially outweighed by the danger of unfair prejudice to AstraZeneca since it not only lacks foundation and is a conclusory and improper legal conclusion, but also because it impermissibly contradicts the affiant's own prior sworn testimony. See Santos, 243 F.3d at 684 (holding that affidavit contradicting prior deposition testimony could not be used to oppose a motion for summary judgment); Golden, 2007 WL 4299443, at *9 ("Courts in this Circuit have rejected such attempts to rely on declarations that contradict the witness's prior deposition testimony and have granted summary judgment even where the purported new evidence would otherwise create a triable issue of fact.") (collecting cases).

11. Statement: "I knew of several PSSs that had received Bachelors degrees in fields that were unrelated to science or medicine, yet they were able to perform the functions of the job." [Hummel Decl., ¶ 17.]

Objection: Inadmissible Hearsay [FRE 802]; Lacks Foundation & Personal Knowledge [FRE 602]; Improper Opinion Testimony [FRE 701]; Irrelevant [FRE 402]; Speculative; Vague; Conclusory; Prejudicial [FRE 403]. Hummel's alleged personal knowledge of the qualifications, performance and job duties of other PSSs stems from inadmissible hearsay (*i.e.*, conversations with other PSSs). Furthermore, the fact that Hummel worked as a PSS in the

- 10 -

New York City, Westchester County and Long Island areas, is insufficient to establish a foundation that she either had personal knowledge of, or is otherwise qualified to testify as to, the qualifications, performance or job duties of other PSSs throughout New York — especially those PSSs who are more senior to her, work in different regions, work in different therapeutic areas, or sell different products. To the extent that Hummel is attempting to testify that she actually observed all or a significant number of PSSs performing their jobs, there is no adequate foundation for such sweeping testimony. See also, SUF ¶ 33. Moreover, Hummel's hearsay regarding the qualifications, performance or job duties of other PSSs is irrelevant to AstraZeneca's motion which is directed at Hummel individually. Furthermore, the testimony should be excluded because its probative value is substantially outweighed by the danger of unfair prejudice to AstraZeneca since it is based on inadmissible hearsay (without identifying the speaker of the hearsay statement), lacks foundation and personal knowledge, is irrelevant, and is a vague, conclusory, and improper opinion by a lay witness.

12.    Statement: "The job of a PSS does not require a high degree of technical knowledge." [Hummel Decl. ¶ 18.]

Objection: Best Evidence Rule (FRE 1002); Inadmissible Hearsay [FRE 802]; Lacks Foundation & Personal Knowledge [FRE 602]; Improper Opinion Testimony [FRE 701]; Irrelevant [FRE 402]; Speculative; Vague; Conclusory; Improper Legal Conclusion; Prejudicial [FRE 403]. The testimony purports to describe the contents of writings, namely documents describing the job duties of a PSS, the terms of which speak for themselves; and the testimony mischaracterizes the contents of the documents. To the extent Hummel's testimony relates to the job duties of PSSs other than herself, she either does not have personal knowledge of the assertions or they are based on inadmissible hearsay, and to the extent that Hummel is attempting

to testify that she actually observed all or a significant number of PSSs performing their jobs, there is no adequate foundation for such sweeping testimony.  See also, SUF ¶ 33.  The fact that Hummel worked as a PSS in the New York City, Westchester County and Long Island areas is insufficient to establish a foundation that she either had personal knowledge of, or is otherwise qualified to testify as to, the job duties of other PSSs throughout New York — especially those PSSs who are more senior to her, work in different regions, work in different therapeutic areas, or sell different products.  Moreover, Hummel's hearsay regarding the job duties of other PSSs is irrelevant to AstraZeneca's motion which is directed at Hummel individually.  Additionally, this testimony should be excluded because it is not fact – it is nothing more than legal argument masquerading as fact.  See McPherson, 457 F.3d at 215 n.4 (holding that a party "may not rely simply on conclusory statements" to defeat summary judgment).  Furthermore, the testimony should be excluded because its probative value is substantially outweighed by the danger of unfair prejudice to AstraZeneca since it is mischaracterizing documents describing the job duties of a PSS, is based on inadmissible hearsay (without identifying the speaker of the hearsay statement), lacks foundation and personal knowledge, is irrelevant, and is a vague, conclusory, improper opinion and ultimate legal conclusion by a lay witness.

13.   Statement:  "I never took or placed orders for any AZ product."  [Hummel Decl., ¶ 21.]

Objection:  Best Evidence Rule [FRE 1002]; Improper Opinion Testimony [FRE 701]; Speculative; Vague; Conclusory; Improper Legal Conclusion; Prejudicial [FRE 403].  The testimony purports to describe the contents of writings, namely documents describing the job duties of a PSS, the terms of which speak for themselves; and the testimony mischaracterizes the contents of the documents.  Moreover, this testimony should be excluded because it is not fact –

it is nothing more than legal argument masquerading as fact.  See McPherson, 457 F.3d at 215 n.4 (holding that a party "may not rely simply on conclusory statements" to defeat summary judgment).  Furthermore, the testimony should be excluded because its probative value is substantially outweighed by the danger of unfair prejudice to AstraZeneca since it is mischaracterizing documents describing the job duties of a PSS, is argumentative, and is a vague, conclusory, improper opinion and ultimate legal conclusion by a lay witness.

14. Statement:  "As part of training, PSSs engaged in a role-play where one Rep pretended to be a doctor."  [Hummel Decl., ¶ 27.]

Objection:  Inadmissible Hearsay [FRE 802]; Lacks Foundation & Personal Knowledge [FRE 602]; Improper Opinion Testimony [FRE 701]; Irrelevant [FRE 402]; Speculative; Vague; Conclusory; Prejudicial [FRE 403].  Hummel's alleged personal knowledge of the training received by other PSSs stems from inadmissible hearsay (*i.e.*, conversations and interactions with other PSSs).  The fact that Hummel worked as a PSS in the New York City, Westchester County and Long Island areas is insufficient to establish a foundation that she either had personal knowledge of, or is otherwise qualified to testify as to, the training received by other PSSs throughout New York — especially those PSSs who are more senior to her, work in different regions, work in different therapeutic areas, or sell different products.  Moreover, Hummel's hearsay regarding the training of other PSSs is irrelevant to AstraZeneca's motion which is directed at Hummel individually.  Furthermore, the testimony should be excluded because its probative value is substantially outweighed by the danger of unfair prejudice to AstraZeneca since it is based on inadmissible hearsay, lacks foundation and personal knowledge, is irrelevant, and is a vague, conclusory, and improper opinion by a lay witness.

Based on the foregoing objections, AstraZeneca respectfully requests that the Court sustain the above objections at the hearing on the instant Motion and strike the foregoing testimony and evidence contained in the Hummel Declaration.

Dated:  August 13, 2008                              Jones Day

By:  /s/ Matthew W. Lampe
Matthew W. Lampe (*pro hac vice*)
Shari M. Goldsmith  (SG 0909)
JONES DAY
222 East 41st Street
New York, NY  10017
Telephone: (212) 326-3939
Facsimile: (212) 755-7306
mwlampe@jonesday.com
smgoldsmith@jonesday.com

Harry I. Johnson, III (*pro hac vice*)
JONES DAY
555 S. Flower Street
Fiftieth Floor
Los Angeles, CA  90071
Telephone: (213) 489-3939
Facsimile: (213) 243-2539
harryjohnson@jonesday.com

Theresia Moser (*pro hac vice*)
JONES DAY
1420 Peachtree Street, N.E.
Suite 800
Atlanta, GA 30309
Telephone: (404) 521-3939
Facsimile:  (404) 581-8330
tmoser@jonesday.com

*Attorneys for Defendant*
*AstraZeneca LP*

## **CERTIFICATE OF SERVICE**

I hereby certify that on August 13, 2008, the foregoing Defendant AstraZeneca LP's Objections to the Declaration of Holly Hummel was filed with the Clerk of the Court and served in accordance with the Federal Rules of Civil Procedure, and/or the Southern District's Local Rules, and/or the Southern District's Rules on Electronic Service upon the following parties:

>Charles Joseph
>Michael Palmer
>JOSEPH & HERZFELD
>757 Third Avenue, Suite 2500
>New York, New York 10017
>Tel:  212-688-5640
>Fax:  212-688-2548

>James A. Jones
>GILLESPIE, ROZEN, WATSKY & JONES, P.C.
>3402 Oak Grove Avenue
>Suite 200
>Dallas, TX  75204
>Tel:  214-720-2009
>Fax:  214-720-2291

>/s/ Shari M. Goldsmith
>Shari M. Goldsmith (SG-0909)
>Jones Day
>222 East 41st Street
>New York, NY 10017-6702
>smgoldsmith@jonesday.com
>(212) 326-3939