UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| HOLLY MARIE HUMMEL, on behalf of herself and others similarly situated,<br><br>    Plaintiff,<br><br> -against-<br><br>ASTRAZENECA LP,<br><br>    Defendant. | No.: 07-CV-5473(VM) |

**DEFENDANT ASTRAZENECA LP'S OBJECTIONS TO
THE DECLARATION OF MICHAEL DICHIARA**

Defendant AstraZeneca LP ("AstraZeneca"), pursuant to Federal Rule of Civil Procedure 56 and this Court's Individual Rules and Procedures,[1] hereby objects to the following evidence presented in the declaration of Michael DiChiara ("DiChiara"), submitted in opposition to AstraZeneca's Motion for Summary Judgment, and respectfully requests that the Court rule on AstraZeneca's written objections in its consideration of the instant Motion, and order the following testimony be stricken:[2]

---

[1] Specifically, this Court's Individual Rules and Practices, Rule II.C., provides, in pertinent part, "Affidavits accompanying any motion should contain concise statements attested to by the affiant on the basis of personal involvement or knowledge of pertinent facts. Affidavits shall not be used as a vehicle for counsel to assert matters not within their personal knowledge or for supplemental argumentation of legal issues that would serve to evade the page limitation set forth in the Court's Individual Practices. Such submissions will not be considered and shall be returned."

[2] By asserting these specific objections to DiChiara's Declaration, AstraZeneca in no way intends to waive its position, set forth in its Reply to Plaintiff's Response to Defendant's Statement of Undisputed Material Facts and its Response to Plaintiff's Statement of Disputed Material Facts, filed concurrently herewith, that the attachments to DiChiara's Declaration are insufficient to create a triable question of fact to the extent they are irrelevant and/or contain factual assertions that contradict Plaintiff Holly Hummel's prior record testimony and contemporaneous writings in this matter.

1. <u>Statement</u>: "Attached as Exhibit 1 is a true and correct copy of excerpts from the Brief of *Amici Curiae* filed by defense counsel in this case in the matter of *Barnick v. Wyeth*, Appeal No. 07-56684, pending in the Ninth Circuit Court of Appeals." [DiChiara Decl., ¶ 3.]

<u>Objection</u>: Irrelevant [FRE 402]; Speculative; Vague; Conclusory; Prejudicial [FRE 403]. AstraZeneca objects to the use of Exhibit 1 in this matter. Exhibit 1 is a legal brief filed in a different case, entitled <u>Barnick v. Wyeth</u>, Appeal No. 07-56684 (9th Cir.), related to a different plaintiff who worked in a different state (California) as a representative for a different pharmaceutical company. AstraZeneca was not a defendant in that case, and neither its policies and practices nor the job duties of Plaintiff Holly Hummel ("Hummel") were at issue in that case. It is inconceivable that a legal argument regarding the exempt status under California law of an employee who is not Hummel, who worked for a company that is not AstraZeneca has any bearing on this matter. Exhibit 1 should be excluded because it not only lacks foundation, but is also irrelevant to AstraZeneca's motion which is directed at Hummel individually. Moreover, Exhibit 1 should be excluded because its probative value is substantially outweighed by the danger of unfair prejudice to AstraZeneca because it is not fact – it is legal argument.

2. <u>Statement</u>: "Attached as Exhibit 5 is a true and correct copy of a document produced by AstraZeneca in discovery in this matter, titled "New Promotional Materials to Support NEXIUM" and Bates labeled as pages AZ B_C000820 – 828." [DiChiara Decl., ¶ 7]

<u>Objection</u>: Lacks Foundation & Personal Knowledge [FRE 602]; Irrelevant [FRE 402]. AstraZeneca objects to both the substance of Paragraph 7 of DiChiara's Declaration and use of Exhibit 5 in this matter. DiChiara's statement that Exhibit 5 was produced "in discovery in this matter" is outright false; Hummel served no discovery requests in this matter, and there is no agreement between the parties that documents produced by AstraZeneca to plaintiffs in other

cases instituted against AstraZeneca (save one, entitled <u>Carson v. AstraZeneca</u>, Case No. 07-359 MPT (D. De.)) are appropriately submitted in this matter.  <u>See</u> Declaration of Harry Johnson ("Johnson Decl."), ¶ 4.  Exhibit 5 was produced in connection with a different lawsuit, entitled <u>Baum v. AstraZeneca</u>, Case No. 3:07-cv-00090-KRG (W.D. Pa.), involving a different person in a different state (Pennsylvania).  There is no foundation for this "fact" as it relates to Hummel; what may have been provided to the named plaintiff in a different lawsuit during the course of her employment with AstraZeneca has no bearing on <u>Hummel</u>.  Moreover, there is no evidence that Hummel even received Exhibit 5 at any time during her employment with AstraZeneca or that it applies to her, and DiChiara fails to state any facts to suggest that Hummel received or has personal knowledge of the substance of Exhibit 5.  Exhibit 5 should be excluded because it not only lacks foundation, but is also irrelevant to AstraZeneca's motion which is directed at Hummel individually.

  3. <u>Statement</u>:  "Attached as Exhibit 6 is a true and correct copy of a document produced by AstraZeneca in discovery in this matter Bates labeled as pages AZ B_C000944 – 957."  [DiChiara Decl., ¶ 8]

   <u>Objection</u>:  Lacks Foundation & Personal Knowledge [FRE 602]; Irrelevant [FRE 402].  AstraZeneca objects to both the substance of Paragraph 8 of DiChiara's Declaration and use of Exhibit 6 in this matter.  DiChiara's statement that Exhibit 6 was produced "in discovery in this matter" is outright false; Hummel served no discovery requests in this matter, and there is no agreement between the parties that documents produced by AstraZeneca to plaintiffs in other cases instituted against AstraZeneca (save one, entitled <u>Carson v. AstraZeneca</u>, Case No. 07-359 MPT (D. De.)) are appropriately submitted in this matter.  <u>See</u> Johnson Decl., ¶ 4.  Exhibit 6 was produced in connection with a different lawsuit, entitled <u>Baum v. AstraZeneca</u>, Case No. 3:07-

cv-00090-KRG (W.D. Pa.), involving a different person in a different state (Pennsylvania). There is no foundation for this "fact" as it relates to Hummel; what may have been provided to the named plaintiff in a different lawsuit during the course of her employment with AstraZeneca has no bearing on Hummel. Moreover, there is no evidence that Hummel even received Exhibit 6 at any time during her employment with AstraZeneca or that it applies to her, and DiChiara fails to state any facts to suggest that Hummel received or has personal knowledge of the substance of Exhibit 6. Exhibit 6 should be excluded because it not only lacks foundation, but is also irrelevant to AstraZeneca's motion which is directed at Hummel individually.

4. Statement: "Attached as Exhibit 7 is a true and correct copy of a document produced by AstraZeneca in discovery in this matter Bates labeled as pages AZ B_C001002 – 1022." [DiChiara Decl., ¶ 9]

Objection: Lacks Foundation & Personal Knowledge [FRE 602]; Irrelevant [FRE 402]. AstraZeneca objects to both the substance of Paragraph 9 of DiChiara's Declaration and use of Exhibit 7 in this matter. DiChiara's statement that Exhibit 7 was produced "in discovery in this matter" is outright false; Hummel served no discovery requests in this matter, and there is no agreement between the parties that documents produced by AstraZeneca to plaintiffs in other cases instituted against AstraZeneca (save one, entitled Carson v. AstraZeneca, Case No. 07-359 MPT (D. De.)) are appropriately submitted in this matter. See Johnson Decl., ¶ 4. Exhibit 7 was produced in connection with a different lawsuit, entitled Baum v. AstraZeneca, Case No. 3:07-cv-00090-KRG (W.D. Pa.), involving a different person in a different state (Pennsylvania). There is no foundation for this "fact" as it relates to Hummel; what may have been provided to the named plaintiff in a different lawsuit during the course of her employment with AstraZeneca has no bearing on Hummel. Moreover, there is no evidence that Hummel even received Exhibit

7 at any time during her employment with AstraZeneca or that it applies to her, and DiChiara fails to state any facts to suggest that Hummel received or has personal knowledge of the substance of Exhibit 7.  Exhibit 7 should be excluded because it not only lacks foundation, but is also irrelevant to AstraZeneca's motion which is directed at Hummel individually.

5. <u>Statement</u>: "Attached as Exhibit 8 is a true and correct copy of a document produced by AstraZeneca in discovery in this matter Bates labeled as pages AZ B_C001222 – 1233." [DiChiara Decl., ¶ 10]

<u>Objection</u>: Lacks Foundation & Personal Knowledge [FRE 602]; Irrelevant [FRE 402].  AstraZeneca objects to both the substance of Paragraph 10 of DiChiara's Declaration and use of Exhibit 8 in this matter.  DiChiara's statement that Exhibit 8 was produced "in discovery in this matter" is outright false; Hummel served no discovery requests in this matter, and there is no agreement between the parties that documents produced by AstraZeneca to plaintiffs in other cases instituted against AstraZeneca (save one, entitled <u>Carson v. AstraZeneca</u>, Case No. 07-359 MPT (D. De.)) are appropriately submitted in this matter.  <u>See</u> Johnson Decl., ¶ 4.  Exhibit 8 was produced in connection with a different lawsuit, entitled <u>Baum v. AstraZeneca</u>, Case No. 3:07-cv-00090-KRG (W.D. Pa.), involving a different person in a different state (Pennsylvania).  There is no foundation for this "fact" as it relates to Hummel; what may have been provided to the named plaintiff in a different lawsuit during the course of her employment with AstraZeneca has no bearing on <u>Hummel</u>.  Moreover, there is no evidence that Hummel even received Exhibit 8 at any time during her employment with AstraZeneca or that it applies to her, and DiChiara fails to state any facts to suggest that Hummel received or has personal knowledge of the substance of Exhibit 8.  Exhibit 8 should be excluded because it not only lacks foundation, but is also irrelevant to AstraZeneca's motion which is directed at Hummel individually.

6. <u>Statement</u>: "Attached as Exhibit 13 is a true and correct copy of a document produced by AstraZeneca in discovery in this matter Bates labeled as pages AZ B_C0018072." [DiChiara Decl., ¶ 15]

<u>Objection</u>: Lacks Foundation & Personal Knowledge [FRE 602]; Irrelevant [FRE 402]. AstraZeneca objects to both the substance of Paragraph 15 of DiChiara's Declaration and use of Exhibit 13 in this matter. DiChiara's statement that Exhibit 13 was produced "in discovery in this matter" is outright false; Hummel served no discovery requests in this matter, and there is no agreement between the parties that documents produced by AstraZeneca to plaintiffs in other cases instituted against AstraZeneca (save one, entitled <u>Carson v. AstraZeneca</u>, Case No. 07-359 MPT (D. De.)) are appropriately submitted in this matter. <u>See</u> Johnson Decl., ¶ 4. Exhibit 13 was produced in connection with a different lawsuit, entitled <u>Baum v. AstraZeneca</u>, Case No. 3:07-cv-00090-KRG (W.D. Pa.), involving a different person in a different state (Pennsylvania). There is no foundation for this "fact" as it relates to Hummel; what may have been provided to the named plaintiff in a different lawsuit during the course of her employment with AstraZeneca has no bearing on <u>Hummel</u>. Moreover, Exhibit 13 is a copy of an e-mail recovered from the individual e-mail box of a different employee who is not Hummel; from the face of the document, it is clear that Hummel is not on the list of individuals who received this e-mail and in fact, the e-mail is dated as sent on December 2, 2005, months <u>after</u> Hummel terminated her employment with AstraZeneca in October 2005. It is impossible that Hummel received this e-mail during her employment with AstraZeneca and DiChiara fails to state any facts to suggest that Hummel ever viewed or has personal knowledge of the substance of Exhibit 13 or how Exhibit 13 could apply to Hummel. Exhibit 13 should be excluded because

it not only lacks foundation, but is also irrelevant to AstraZeneca's motion which is directed at Hummel individually.

7.    <u>Statement</u>:  "Attached as Exhibit 18 is a true and correct copy of a document produced by AstraZeneca in discovery in this matter, Bates labeled as pages AZ0025072 – 88." [DiChiara Decl., ¶ 20]

<u>Objection</u>:  Lacks Foundation & Personal Knowledge [FRE 602]; Irrelevant [FRE 402]; Inadmissible Hearsay [FRE 802].  AstraZeneca objects to both the substance of Paragraph 20 of DiChiara's Declaration and use of Exhibit 18 in this matter.  DiChiara's statement that Exhibit 18 was produced "in discovery in this matter" is outright false; Hummel served no discovery requests in this matter, and there is no agreement between the parties that documents produced by AstraZeneca to plaintiffs in other cases instituted against AstraZeneca (save one, entitled <u>Carson v. AstraZeneca</u>, Case No. 07-359 MPT (D. De.)) are appropriately submitted in this matter.  <u>See</u> Johnson Decl., ¶ 4.  Exhibit 18 was produced in connection with a different lawsuit, entitled <u>Brody v. AstraZeneca</u>, Case No. CV 06-6862-ABC (MANx) (C.D. Ca.), involving a different person in a different state (California).  There is no foundation for this "fact" as it relates to Hummel; what may have been provided to the named plaintiff in a different lawsuit during the course of his employment with AstraZeneca has no bearing on <u>Hummel</u>.  There is no evidence that Hummel ever viewed Exhibit 18, and DiChiara fails to state any facts to suggest that Hummel received or has personal knowledge of the substance of Exhibit 18.  Moreover, Exhibit 18 is an inadmissible hearsay statement made by a PSS in <u>New Mexico</u>, and in fact, is especially unreliable for the additional reason that the transcriptionist specifically noted in that document that "it was extremely difficult to hear what [Mr. Stanley] was saying…"

Exhibit 18 should be excluded because it is inadmissible hearsay, lacks foundation and is also irrelevant to AstraZeneca's motion which is directed at Hummel individually.

8. <u>Statement</u>: "Attached as Exhibit 19 is a true and correct copy of a document produced by AstraZeneca in discovery in this matter, titled "Canned Detail – Prilosec v. Prevacid" and Bates labeled as pages AZ0006596 – 97." [DiChiara Decl., ¶ 21]

<u>Objection</u>: Lacks Foundation & Personal Knowledge [FRE 602]; Irrelevant [FRE 402]. AstraZeneca objects to both the substance of Paragraph 21 of DiChiara's Declaration and use of Exhibit 19 in this matter. DiChiara's statement that Exhibit 19 was produced "in discovery in this matter" is outright false; Hummel served no discovery requests in this matter, and there is no agreement between the parties that documents produced by AstraZeneca to plaintiffs in other cases instituted against AstraZeneca (save one, entitled <u>Carson v. AstraZeneca</u>, Case No. 07-359 MPT (D. De.)) are appropriately submitted in this matter. <u>See</u> Johnson Decl., ¶ 4. Exhibit 19 was produced in connection with a different lawsuit, entitled <u>Brody v. AstraZeneca</u>, Case No. CV 06-6862-ABC (MANx) (C.D. Ca.), involving a different person in a different state (California). There is no foundation for this "fact" as it relates to Hummel; what may have been provided to the named plaintiff in a different lawsuit during the course of his employment with AstraZeneca has no bearing on <u>Hummel</u>. Moreover, Exhibit 19 is not an example of an eStar promotional material created by AstraZeneca, and there is no evidence that Hummel even received Exhibit 19 or used Exhibit 19 at any time during her employment with AstraZeneca. In fact, Hummel did not carry or handle Prilosec during her employment with AstraZeneca. <u>See</u> SUF ¶ 6. DiChiara fails to state any facts to suggest that Hummel received or has personal knowledge of the substance of Exhibit 19. Exhibit 19 should be excluded because

it not only lacks foundation, but is also irrelevant to AstraZeneca's motion which is directed at Hummel individually.

9.   <u>Statement</u>:  "Attached as Exhibit 20 is a true and correct copy of the USA Today/Kaiser Family Foundation/Harvard School of Public Health Survey entitled "The Public on Prescription Drugs and Pharmaceutical Companies."  The survey is available at the website of the Henry J. Kaiser Family Foundation, www.kff.org."  [DiChiara Decl., ¶ 22]

<u>Objection</u>:  Lacks Foundation & Personal Knowledge [FRE 602]; Improper Authentification [FRE 901]; Failure to Determine Preliminary Questions of Admissibility [FRE 104]; Improper Expert Testimony [FRE 702]; Speculative; Vague; Conclusory; Prejudicial [FRE 403].  AstraZeneca objects to the use of Exhibit 20 in this matter.  The USA Today survey cited in Paragraph 22 of DiChiara's Declaration has not been attached to the declaration or otherwise submitted in any other manner in connection with Hummel's papers in opposition to AstraZeneca's summary judgment motion.  Therefore, this "Exhibit" should be excluded because it is not properly part of the record in this case and was not submitted to AstraZeneca or the Court in this matter, and therefore is inadmissible and lacks any evidentiary value.  <u>See</u> <u>Crown Heights Jewish Comm. Council, Inc. v. Fischer</u>, 63 F. Supp. 2d 231, 234 (E.D.N.Y. 1999) (document cited in, but not attached to, affidavit lacked evidentiary value and was not properly considered under Rule 56 to defeat summary judgment).  Even if Exhibit 20 were properly before the Court, it should be excluded because it is improper expert testimony, which the DiChiara Declaration attempts to submit without any showing whatsoever that (1) the survey is based on sufficient facts or data, (2) the survey is the product of reliable principles and methods, or (3) that the survey authors applied the principles and methods reliably to the facts of the case.  Hummel bears the burden of establishing that the pertinent admissibility requirements are met by

a preponderance of the evidence.  See Bourjaily v. United States, 483 U.S. 171 (1987).  On these grounds, this "Exhibit" should be excluded because its probative value is substantially outweighed by the danger of unfair prejudice to AstraZeneca since it lacks proper authentification, foundation and personal knowledge, is irrelevant, and is a vague, conclusory, and improper opinion by a lay witness.

The document which is actually attached to the DiChiara Declaration as Exhibit 20 is an excerpt from the "Declaration of Stephanie Fullerton in Support of Plaintiff's Motion for Class Certification."  This declaration was submitted to a different court in connection with a different lawsuit, entitled Brody v. AstraZeneca, Case No. CV 06-6862-ABC (MANx) (C.D. Ca.), involving a different plaintiff in a different state (California).  There is no foundation for the "facts" provided in this declaration as they relate to Hummel; what another individual may have testified to in a different lawsuit has no bearing on Hummel's job duties or employment with AstraZeneca, and no relation to the claims in this matter.  DiChiara fails to state any facts to suggest otherwise or provide any foundation for the deponent knowing Hummel.  Moreover, Hummel's submission of only excerpts of this testimony is contrary to this Court's Individual Rules and Practices, Rule II.C.  Exhibit 20 should be excluded because its probative value is substantially outweighed by the danger of unfair prejudice to AstraZeneca since it not only lacks foundation, but is also irrelevant to AstraZeneca's motion which is directed at Hummel individually.

10.    Statement:  "Attached as Exhibit 21 is a true and correct copy of excerpts from the Deposition of Mark Capistrano, a District Manager for AZ, taken on June 4, 2008."  [DiChiara Decl., ¶ 23]

Objection: Lacks Foundation & Personal Knowledge [FRE 602]; Irrelevant [FRE 402]; Speculative; Vague; Conclusory; Prejudicial [FRE 403]. AstraZeneca objects to the use of Exhibit 21 in this matter. Exhibit 21 contains excerpts from the deposition of a different AstraZeneca employee in connection with a different lawsuit, entitled Brody v. AstraZeneca, Case No. CV 06-6862-ABC (MANx) (C.D. Ca.), involving a different plaintiff in a different state (California). There is no foundation for the "facts" provided in this deposition testimony as they relate to Hummel; what another individual may have testified to in a different lawsuit has no bearing on Hummel's job duties or employment with AstraZeneca, and no relation to the claims in this matter. DiChiara fails to state any facts to suggest otherwise or provide any foundation for the deponent knowing Hummel. Moreover, Hummel's submission of only excerpts of this testimony is contrary to this Court's Individual Rules and Practices, Rule II.C. Exhibit 21 should be excluded because its probative value is substantially outweighed by the danger of unfair prejudice to AstraZeneca because it not only lacks foundation, but is also irrelevant to AstraZeneca's motion which is directed at Hummel individually.

11.  Statement: "Attached as Exhibit 22 is a true and correct copy of excerpts from the Deposition of Stephanie Dempsey, a Regional Alignment Manager for AZ, taken on May 29, 2008." [DiChiara Decl., ¶ 24]

Objection: Lacks Foundation & Personal Knowledge [FRE 602]; Irrelevant [FRE 402]; Speculative; Vague; Conclusory; Prejudicial [FRE 403]. AstraZeneca objects to the use of Exhibit 22 in this matter. Exhibit 22 contains excerpts from the deposition of a different AstraZeneca employee in connection with a different lawsuit, entitled Brody v. AstraZeneca, Case No. CV 06-6862-ABC (MANx) (C.D. Ca.), involving a different plaintiff in a different state (California). There is no foundation for the "facts" provided in this deposition testimony as

they relate to Hummel; what another individual may have testified to in a different lawsuit has no bearing on Hummel's job duties or employment with AstraZeneca, and no relation to the claims in this matter. DiChiara fails to state any facts to suggest otherwise or provide any foundation for the deponent knowing Hummel. Moreover, Hummel's submission of only excerpts of this testimony is contrary to this Court's Individual Rules and Practices, Rule II.C. Exhibit 22 should be excluded because its probative value is substantially outweighed by the danger of unfair prejudice to AstraZeneca because it not only lacks foundation, but is also irrelevant to AstraZeneca's motion which is directed at Hummel individually.

12.    <u>Statement</u>: "Attached as Exhibit 23 is a true and correct copy of excerpts from the Deposition of Susan Johnson, former PSS, taken on June 3, 2008." [DiChiara Decl., ¶ 25]

<u>Objection</u>: Lacks Foundation & Personal Knowledge [FRE 602]; Irrelevant [FRE 402]; Speculative; Vague; Conclusory; Prejudicial [FRE 403]. AstraZeneca objects to the use of Exhibit 23 in this matter. Exhibit 23 contains excerpts from the deposition of a different AstraZeneca employee in connection with a different lawsuit, entitled <u>Brody v. AstraZeneca</u>, Case No. CV 06-6862-ABC (MANx) (C.D. Ca.), involving a different plaintiff in a different state (California). There is no foundation for the "facts" provided in this deposition testimony as they relate to Hummel; what another individual may have testified to in a different lawsuit has no bearing on Hummel's job duties or employment with AstraZeneca, and no relation to the claims in this matter. DiChiara fails to state any facts to suggest otherwise or provide any foundation for the deponent knowing Hummel. Moreover, Hummel's submission of only excerpts of this testimony is contrary to this Court's Individual Rules and Practices, Rule II.C. Exhibit 23 should be excluded because its probative value is substantially outweighed by the danger of unfair

prejudice to AstraZeneca because it not only lacks foundation, but is also irrelevant to AstraZeneca's motion which is directed at Hummel individually.

13. <u>Statement</u>: "The first action filed against a pharmaceutical company alleging misclassification of pharmaceutical representatives was filed on March 6, 2006." [DiChiara Decl., ¶ 26]

<u>Objection</u>: Inadmissible Hearsay [FRE 802]; Lacks Foundation & Personal Knowledge [FRE 602]; Irrelevant [FRE 402]; Improper Opinion Testimony [FRE 701]; Speculative; Vague; Conclusory; Prejudicial [FRE 403]. DiChiara's alleged personal knowledge of the matter asserted herein stems from inadmissible hearsay. DiChiara fails to explain what he bases his statement on, and has presented no facts to suggest he has personal knowledge of when the first lawsuit against a pharmaceutical company alleging misclassification of pharmaceutical representatives was filed. DiChiara does not provide any facts supporting the validity of his statement, and his experience as an attorney representing plaintiffs in misclassification suits against pharmaceutical companies is insufficient to establish foundation for the fact asserted herein. Moreover, DiChiara's hearsay as to when the first lawsuit against a pharmaceutical company alleging misclassification of pharmaceutical representatives was filed is irrelevant to AstraZeneca's motion which is directed at Hummel individually. This testimony should be excluded because its probative value is substantially outweighed by the danger of unfair prejudice to AstraZeneca since it is based on inadmissible hearsay, lacks foundation and personal knowledge, is irrelevant, and is a vague, conclusory, and improper opinion by a lay witness.

Based on the foregoing objections, AstraZeneca respectfully requests that the Court sustain the above objections at the hearing on the instant Motion and strike the foregoing testimony and evidence contained in the DiChiara Declaration.

Dated:  August 13, 2008                                    Jones Day


By:  /s/ Matthew W. Lampe
    Matthew W. Lampe (*pro hac vice*)
    Shari M. Goldsmith  (SG 0909)
    JONES DAY
    222 East 41st Street
    New York, NY  10017
    Telephone: (212) 326-3939
    Facsimile: (212) 755-7306
    mwlampe@jonesday.com
    smgoldsmith@jonesday.com

    Harry I. Johnson, III (*pro hac vice*)
    JONES DAY
    555 S. Flower Street
    Fiftieth Floor
    Los Angeles, CA  90071
    Telephone: (213) 489-3939
    Facsimile: (213) 243-2539
    harryjohnson@jonesday.com

    Theresia Moser (*pro hac vice*)
    JONES DAY
    1420 Peachtree Street, N.E.
    Suite 800
    Atlanta, GA 30309
    Telephone: (404) 521-3939
    Facsimile:  (404) 581-8330
    tmoser@jonesday.com

    *Attorneys for Defendant*
    *AstraZeneca LP*

## **CERTIFICATE OF SERVICE**

I hereby certify that on August 13, 2008, the foregoing Defendant AstraZeneca LP's Objections to the Declaration of Michael DiChiara was filed with the Clerk of the Court and served in accordance with the Federal Rules of Civil Procedure, and/or the Southern District's Local Rules, and/or the Southern District's Rules on Electronic Service upon the following parties:

>Charles Joseph
>Michael Palmer
>JOSEPH & HERZFELD
>757 Third Avenue, Suite 2500
>New York, New York 10017
>Tel:  212-688-5640
>Fax:  212-688-2548

>James A. Jones
>GILLESPIE, ROZEN, WATSKY & JONES, P.C.
>3402 Oak Grove Avenue
>Suite 200
>Dallas, TX  75204
>Tel:  214-720-2009
>Fax:  214-720-2291

>/s/ Shari M. Goldsmith
>Shari M. Goldsmith (SG-0909)
>Jones Day
>222 East 41st Street
>New York, NY 10017-6702
>smgoldsmith@jonesday.com
>(212) 326-3939