# JOSEPH & HERZFELD LLP
Attorneys at Law

Charles Joseph
Diane Hester
Michael D. Palmer
D. Maimon Kirschenbaum
Brian F. Fredericks

757 Third Avenue, 25th Floor
New York, NY 10017
Phone: (212) 688-5640
Fax: (212) 688-2548
www.jhllp.com

Of counsel:
Andrew Dwyer*
*Also admitted in New Jersey

August 19, 2008

```
USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 8-26-08
```

VIA FACSIMILE AND ECF
(212) 805-6382

Honorable Victor Marrero
United States District Court
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St., Room 660
New York, NY 10007

Re: *Hummel, et al. v. AstraZeneca, et al.*
    Case No.: 07-cv-5473

Dear Judge Marrero:

    This firm represents the Plaintiff in the above-referenced matter, and I write to request that the Court: 1) accept as Exhibit 20 a true and correct copy of the USA Today/Kaiser Family Foundation/Harvard School of Public Health Survey entitled *"The Public on Prescription Drugs and Pharmaceutical Companies;"* and 2) permit Plaintiff to file a brief sur-reply concerning Defendant's motion for summary judgment. The reasons for this request are set forth below.

    First, Exhibit 20, a copy of which is attached, was inadvertently not attached to the Declaration of Michael DiChiara that was submitted with Plaintiff's Opposition to Defendant's Motion for Summary Judgment. Even though the document was not attached, the website where the survey could be located was noted in the DiChiara Declaration at ¶ 22, and Defendant had received a copy of the survey in the matter of *Brody v. AstraZeneca*, Case No. 06-cv-06862, from the Central District of California, on or about May 19, 2008, when Plaintiff filed his opposition in that action. Thus, there will be no prejudice to Defendant if the Court accepts the survey as an exhibit at this time. (A copy of the attorney declaration accompanying the *Brody* opposition is attached, and the survey was annexed as Exhibit 25.)

Plaintiff also seeks permission from the Court to file a sur-reply to address certain issues raised in Defendant's reply. First, concerning the release signed by Plaintiff, the language of the release clearly provides that the agreement is governed by Delaware law, and Defendant did not cite to any Delaware authority to support its position. *See* Defendant's Exhibit 23 at ¶ 12. Next, Defendant claims that Plaintiff's declaration contradicts her deposition testimony, yet Defendant does not cite to specific examples. In addition, Defendant argues that the Court should dismiss Plaintiff's assertions that she did not "sell" as conclusory, yet Defendant relies on conclusory characterizations of Plaintiff's job as "sales" or "selling" in support of its motion. Defendant also attempts to disavow its unambiguous documents in response to Plaintiff's arguments on the administrative exemption. Finally, Defendant mischaracterizes the cases upon which Plaintiff relies in support of her position that she is a production, and not an administrative, employee. Def. Reply at pp. 8-9. Accordingly, Plaintiff seeks permission from the Court to file a sur-reply to address the above-referenced issues.

For the reasons set forth above, Plaintiff respectfully requests that the Court accept as part of the record the survey that had been inadvertently omitted as an attachment to the Declaration of Michael DiChiara, and grant Plaintiff permission to file a brief sur-reply.

Thank you for your consideration of this request.

Respectfully submitted,

Michael DiChiara (MD-2180)

cc: Harry Johnson, Esq.
    Matthew Lampe, Esq.

---

Request DENIED in part. The Court will accept and review plaintiff's proposed exhibit 20. The Court will not authorize submission of a sur-reply.

SO ORDERED:
8-25-08
DATE        VICTOR MARRERO, U.S.D.J.

2