```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X
HOLLY HUMMEL,                        :
                                     :         07 Civ. 5473
                Plaintiff,           :
                                     :         DECISION AND ORDER
       - against -                   :
                                     :
ASTRAZENECA LP,                      :
                                     :
                Defendant.           :
------------------------------------X
```

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 9-9-08

**VICTOR MARRERO, United States District Judge.**

Plaintiff Holly Hummel ("Hummel") brought this action against defendant AstraZeneca LP ("AstraZeneca"), her former employer, alleging that AstraZeneca improperly classified her as exempt from overtime requirements and spread-of-hours compensation, in violation of N.Y. Lab. Law §§ 650 et seq., 190 et seq., and 12 N.Y.C.R.R. Part 142 (collectively, "Hummel's Claims"). AstraZeneca moves for summary judgment pursuant to Federal Rule of Civil Procedure 56 ("Rule 56"). For the reasons discussed below, AstraZeneca's motion is GRANTED.

## I. BACKGROUND[1]

---

[1] The factual summary that follows derives primarily from the Complaint, dated June 11, 2007; Defendant's Memorandum of Points and Authorities in Support of Its Motion for Summary Judgment, dated May 30, 2008; Plaintiff's Memorandum of Law in Opposition to Defendant's Motion for Summary Judgment, dated July 14, 2008 ("Pl.'s Mem."); Defendant's Reply Memorandum of Points and Authorities in Support of Its Motion for Summary Judgment, dated Aug. 13, 2008; Defendant's Concise Statement of Undisputed Material Facts, dated May 30, 2008; Plaintiff's Response to Defendant's Local Rule 56.1 Statement of Facts, dated July 14, 2008; and Defendant's Response to Plaintiff's Statement of Undisputed Material Facts, dated Aug. 13, 2008. Except where specifically referenced, no further citation to

1

AstraZeneca is a a business corporation engaged in research, development, and manufacturing of pharmaceutical products. AstraZeneca employed Hummel as a Sales Specialist from possibly as early as December 1998[2] until October 14, 2005. Sales Specialists work to familiarize doctors with AstraZeneca products and to convince them to write prescriptions for such products when appropriate. During Hummel's employment as a Sales Specialist, AstraZeneca paid her a salary and a bonus for work performed. Even though Hummel, at times, worked in excess of ten hours per day and forty hours per week, AstraZeneca — which categorized Sales Specialists as exempt from New York Labor Law overtime requirements — did not pay Hummel a spread-of-hours premium or overtime compensation.

## II. DISCUSSION

A.  LEGAL STANDARD

In connection with a Rule 56 motion, "[s]ummary judgment is proper if, viewing all the facts of the record in a light most favorable to the non-moving party, no genuine issue of material fact remains for adjudication." Samuels v. Mockry,

---

these sources will be made.

[2] Hummel contends that she began her employment as a Sales Specialist for AstraZeneca in December 1998, but AstraZeneca stated that Hummel began in December 1999. Hummel's true start time is immaterial to the instant matter.

2

77 F.3d 34, 35 (2d Cir. 1996) (citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-50 (1986)). The role of a court in ruling on such a motion "is not to resolve disputed issues of fact but to assess whether there are any factual issues to be tried, while resolving ambiguities and drawing reasonable inferences against the moving party." Knight v. U.S. Fire Ins. Co., 804 F.2d 9, 11 (2d Cir. 1986). The moving party bears the burden of proving that no genuine issue of material fact exists, or that due to the paucity of evidence presented by the non-movant, no rational jury could find in favor of the non-moving party. See Gallo v. Prudential Residential Servs., L.P., 22 F.3d 1219, 1223 (2d Cir. 1994).

B.   HUMMEL'S CLAIMS

Hummel, in exchange for a single lump sum cash payment of $13,077, executed a Mutual Consent Release, dated November 17, 2005 (the "Release"). Specifically, the Release purports to unconditionally release and discharge AstraZeneca from "any and all action and causes of actions, suits, debts, claims and demands ... which [Hummel] ever had, now has, or hereafter may have ... by reason of any matter, cause, or thing ... which has occurred in the past up to the date of execution of [the Release]," including but not limited to "any federal, state, or local claims arising from or relating in any way to [Hummel's] employment relationship or the termination of

[Hummel's] employment relationship with [AstraZeneca]." (The Release ¶, attached as Ex. 23 to AstraZeneca's App. of Record Evidence in Support of Its Motion for Summary Judgment, dated May 30, 2008 ("AstraZeneca's App.").) AstraZeneca asserts that the Release precludes Hummel's Claims. The Court Agrees.

A release is a type of contract and is governed by contract law. See Simel v. J.P. Morgan Chase, No. 05 Civ. 9750, 2007 WL 809689, at *2 (S.D.N.Y. Mar. 19, 2007); DiFilippo v. Barclays Capital, Inc., 552 F. Supp. 2d 417, 426 (S.D.N.Y. 2008). Courts applying New York law will enforce valid releases that are clear and unambiguous on their face and which were knowingly and voluntarily entered into and were not "the product of fraud, duress, or undue influence." See Skluth v. United Merch. & Mfr., Inc., 559 N.Y.S.2d 280, 282 (App. Div. 1st Dep't 1990) (citations and quotation marks omitted); see also Laramee v. Jewish Guild for the Blind, 72 F. Supp. 2d 357, 359 (S.D.N.Y. 1999). A plaintiff seeking to set aside a release bears the burden to either "demonstrate that [the release] does not apply to [the plaintiff's] claim or to establish an equitable basis to vitiate its effect." Hack v. United Capital Corp., 669 N.Y.S.2d 280, 282 (App. Div. 1st Dep't 1998) (citations omitted).

Agreements that purportedly release employers from liability for claims arising under the New York Labor Law

overtime requirements are generally valid and enforceable. See Simel, 2007 WL 809689, at *4-5; DiFilippo, 552 F. Supp. 2d at 426. Courts have repeatedly upheld the validity of broadly-worded releases with respect to claims brought pursuant to New York employment statutes. See Dewey v. PTT Telecom Netherlands, US, Inc., No. 94 Civ. 5983, 1995 WL 542447, at *2-3 (S.D.N.Y. Sept. 12, 1995) (enforcing an "unambiguous" release of "any and all claims arising out of or in connection with [plaintiff's] employment"); Skluth v. United Merchs. & Mfrs., Inc., 559 N.Y.S.2d 280, 281-82 (App. Div. 1st Dep't 1990) (enforcing release of "all liability of every kind, nature and description" arising out of the employment relationship); cf. Volk v. Liggett Group Inc., No. 96 Civ. 1921, 1997 WL 107458, at *4-6 (S.D.N.Y. Mar. 11, 1997) (enforcing a release which stated that plaintiff waived "any and all claims ... in connection with his employment," barring plaintiff's suit that was brought pursuant to a contract); but see Maddaloni Jewelers, Inc. v. Rolex Watch U.S.A., Inc., 354 F. Supp. 2d 293, 298 (S.D.N.Y. 2004) (refusing to enforce a non-specific release that failed to identify any particular universe of claims).

In the instant matter, Hummel asserts that the Release does not bar her claims because the Release does not purport to specifically waive her "wage-hour claims." (Pl.'s Mem. at

5

2.) Releases, however, may be enforceable even if they do not reach the level of specificity argued by Hummel, and courts have enforced language, similar to that of the Release, which broadly releases defendants from liability for employment-related matters. See Dewey, 1995 WL 542447, at *2-3; Skluth, 559 N.Y.S.2d at 281-82; cf. Volk, 1997 WL 107458, at *4-6.

Hummel further asserts that because the Release was executed as a result of a dispute involving alleged employment discrimination, the intent of the Release was to resolve such disputes, not to waive potential wage and hour claims. However, it is the express language of the release, not the parties' subsequently alleged intent, that controls, and "[w]here the language of the release is clear, effect must be given to the intent of the parties as indicated by the language employed." Shklovskiy v. Khan, 709 N.Y.S.2d 208, 209 (App. Div. 2d Dep't 2000). The Release clearly and unambiguously releases and discharges AstraZeneca from any New York state law employment claims "arising from or relating in any way to [Hummel's] employment relationship," and immediately following this language, the Release states that "[i]n addition to but not in limitation of the foregoing, [Hummel] expressly waives any ... claims ... and causes of actions" against AstraZeneca "concerning employment discrimination." (The Release ¶ 3, attached as Ex. 23 to the

AstraZeneca App. (emphasis added).) The Release's language clearly evinces an intent on the part of Hummel to release and forever discharge any employment claims she may have had against AstraZeneca and was not limited to employment discrimination claims.

Through the Release, Hummel expressly, clearly and unambiguously released and forever discharged AstraZeneca from liability for any New York state claims relating in any way to the employment relationship with AstraZeneca. Hummel was represented by an attorney at the time the Release was executed, and she has not alleged that the Release was the product of fraud, duress, or undue influence, or that she executed the release unknowingly or involuntarily. Accordingly, the Release is valid and enforceable and Hummel's claims fall "squarely within the scope of the [Release] and are considered settled thereunder." Simel, 2007 WL 809689, at *3.

### III. ORDER

For the reasons stated above, it is hereby

**ORDERED** that the motion (Docket No. 22) of defendant AstraZeneca LP ("AstraZeneca") for summary judgment is GRANTED.

The Clerk of Court is directed to withdraw any pending motions in this action and to close the case.

**SO ORDERED.**

Dated:   New York, New York
         9 September 2008

_____
VICTOR MARRERO
U.S.D.J.